ATTALA v ORCUTT

Docket No. 315630. Submitted June 3, 2014, at Grand Rapids. Decided
August 26, 2014, at 9:05 a.m.

Tammi Attala brought a premises liability action against Larry and
Carolyn Orcutt in the Kent Circuit Court. Plaintiff was injured
when she slipped and fell on the icy surface of the parking lot
outside her apartment, which she rented from defendants. She was
on her way to school to turn in a report that was due that day.
Plaintiff slipped as she was entering her car. The parties stipulated
the facts and agreed that the sole issue was whether special aspects
existed such that defendants owed a duty to plaintiff despite the
open and obvious nature of the hazardous ice. The court, Dennis B.
Leiber, J., ruled that the hazard was effectively unavoidable and,
therefore, the open and obvious danger doctrine did not vitiate
defendants' duty. The court entered judgment in favor of plaintiff.
Defendants appealed.

The Court of Appeals *held*:

A premises owner retains a duty with regard to those open and
obvious hazards that have either of two special aspects: those that
are either (1) effectively unavoidable, or (2) pose a substantial risk
of death or serious injury. If the hazard in question has either of
these special aspects, it presents an unreasonable risk of harm
despite being open and obvious. In this case, the trial court
properly rejected defendants' sole argument—that to fall outside
the open and obvious danger doctrine, the conditions of the
premises must be both effectively unavoidable and pose a substan-
tial risk of death or serious injury.

Affirmed.

RIORDAN, J., dissenting, concluded that plaintiff had failed to
establish the existence of special aspects sufficient to overcome the
open and obvious danger doctrine and would have reversed.
Plaintiff chose to walk on the parking lot in conditions that were
known, open, and obvious to her. The stipulated facts did not lead
to the conclusion that plaintiff was required or compelled to
confront the hazard. Accordingly, the hazard was not effectively
unavoidable.

NEGLIGENCE — PREMISES LIABILITY — OPEN AND OBVIOUS DANGERS — SPECIAL
ASPECTS.

> A premises owner retains a duty with regard to those open and
> obvious hazards that have either of two special aspects: those that
> are either (1) effectively unavoidable, or (2) pose a substantial risk
> of death or serious injury; if the hazard in question has either of
> these special aspects, it presents an unreasonable risk of harm
> despite being open and obvious.

*Dale Sprik & Associates, PC* (by *Scott B. Hansberry*),
for plaintiff.

*James M. Searer, PC* (by *James M. Searer*), for
defendants.

Before: MURPHY, C.J., and SHAPIRO and RIORDAN, JJ.

SHAPIRO, J. Defendants appeal from the trial court
judgment for plaintiff in this premises liability and
personal injury action. Because the trial court did not
err in its application of the exceptions to the open and
obvious danger doctrine, we affirm.

On January 20, 2010, plaintiff was injured when she
slipped and fell on the icy surface of the parking lot
outside her apartment, which she rented from defendants,
while trying to get into her car in order to attend her
college class as scheduled. The parties reached an agree-
ment that the case turned solely on whether or not
defendants owed plaintiff a duty given that (a) the ice was
an open and obvious hazard and (b) the entire parking lot
was covered in ice and the plaintiff had to encounter the
ice in order to get to her car. They agreed that if defen-
dants owed a duty under these conditions, judgment
should enter for plaintiff, but that if defendants did not
owe a duty under these conditions, judgment should enter
for defendants. Accordingly, the parties jointly submitted
this purely legal issue to the trial court for determination
on the following stipulated facts:

1. On January 20, 2010, Plaintiff, Tammi Attala, slipped and fell on ice in the parking lot of the apartment she rented at 1307 Northfield Ave., Grand Rapids, Michigan.

2. That at all times pertinent, the Defendants, Larry Orcutt and Carolyn Orcutt, were the Plaintiff's landlords and owners of the premises where the injury occurred.

3. Tammi Attala had the status of an invitee on the premises at the time of the accident.

4. The apartment rented by Plaintiff was one of four apartments in the Defendants' apartment building.

5. That the Defendants, as owners and landlords of the Plaintiff, provided the parking lot for use of their tenants.

6. That the Defendants owned, managed and maintained the premises, including the parking lot.

7. *That Defendants provided the parking for their tenants and the tenants could reasonably expect to be able to get to and from their vehicles as part of using this parking lot.*

8. *That on January 20, 2010, and for a period of time prior thereto, the entire parking lot was covered with thick ice. There was no snow covering the ice.*

9. *The lot had been plowed at some time prior to January 20, 2010 but not salted.*

10. That on January 20, 2010, Plaintiff was a student taking classes to become a medical assistant. On the date of her injury, she was going to school to attend classes and turn in a report that was due that day.

11. *To get to her car from her apartment, Ms. Attala had to encounter the ice on the surface of the parking lot.*

12. Plaintiff was injured when she slipped and fell on the ice as she was entering into her car.

13. The thick ice covering the parking lot was known to Ms. Attala and open and obvious.

14. The amount of Ms. Attala' damages after all applicable setoffs is $12,500.

15. *The sole issue for determination by the Court is whether special aspects existed such that Defendants owed a duty to the Plaintiff despite the* [sic] *open and obvious nature of the hazard.* [Emphasis added.]

The trial court ruled that, because it was undisputed that to reach her car, plaintiff had to encounter the icy conditions and that the entire parking lot was covered with thick ice, the hazard was effectively unavoidable and, therefore, the open and obvious danger doctrine did not vitiate defendants' duty. The court reviewed the decisions in *Lugo v Ameritech Corp, Inc*, 464 Mich 512; 629 NW2d 384 (2001), and *Hoffner v Lanctoe*, 492 Mich 450, 463-465; 821 NW2d 88 (2012), correctly noting their holdings that a premises owner retains a duty as to those open and obvious hazards that have either of two "special aspects": those that are either (1) effectively unavoidable or (2) pose a substantial risk of death or serious injury. *Lugo*, 464 Mich at 517-519; *Hoffner*, 492 Mich at 463. As explained in *Lugo*, these two types of special aspects address the two different ways in which a risk may remain unreasonable even when open and obvious. An effectively unavoidable hazard "give[s] rise to a uniquely high *likelihood* of harm" while one which poses a substantial risk of death or serious injury "give[s] rise to a uniquely high . . . *severity* of harm . . . ." *Lugo*, 464 Mich at 519 (emphasis added). If the hazard in question has either of these special aspects, then it continues to present an "unreasonable risk of harm" despite being open and obvious. *Id*. at 517-519.

Given these principles, the trial court properly rejected defendants' sole argument—that to fall outside the open and obvious danger doctrine, the conditions of the premises must be *both* effectively unavoidable *and* pose a substantial risk of death or serious injury. The trial court accurately stated the law in its opinion:

> [C]ontrary to Defendants' position, the *Lugo* Court clearly saw unavoidable situations as distinct from avoidable but substantial risks. This distinction is applied in *Hoffner*, where the Court first found that the plaintiff freely admitted that the danger was avoidable. *Hoffner supra* at 473. The *Hoffner* Court then proceeded to analyze whether the danger was substantial. *Id.* Therefore, the *Hoffner* Court did not see substantiality and unavoidability as two necessary elements because the substantiality analysis would have been unnecessary once the plaintiff admitted that the condition was avoidable. *See id.*

The trial court was correct in describing *Hoffner*'s two-part analysis and in describing effective unavoidability as one of the exceptions to the open and obvious danger doctrine. However, the trial court erred by referring to the second exception as being applicable when "the danger was substantial." This understates the degree of potential injury that must be present for the second exception to apply. The Supreme Court has made clear that if the danger is not effectively unavoidable, the premises owner does not have a duty unless the hazard poses " 'an extremely high risk of *severe* harm . . . .' " *Hoffner*, 492 Mich at 462, quoting *Lugo*, 464 Mich at 519 n 2 (emphasis added). As an example, *Lugo* offered a 30-foot deep unguarded pit in a parking lot, noting that while the pit would be avoidable, a person who failed to avoid it would suffer "a substantial risk of death or severe injury . . . ." *Lugo*, 464 Mich at 518. Therefore, contrary to the characterization used by the trial court, if the hazard is not effectively unavoidable, the premises owner's duty under the common law is limited to situations in which the hazard poses a substantial risk of death or severe injury.

The parties agreed that judgment should enter for plaintiff if defendants owed a duty and for defendants if defendants did not owe such a duty. Defendants did not

argue below or on appeal that the hazard was not effectively unavoidable. The parties submitted a question of law to the trial court on stipulated facts and the trial court correctly stated and applied the relevant law.[1]

Affirmed.

MURPHY, C.J., concurred with SHAPIRO, J.

RIORDAN, J. (*dissenting*). Because plaintiff fails to establish the existence of special aspects sufficient to overcome the open and obvious danger doctrine, I respectfully dissent.

---

[1] Our dissenting colleague concludes that plaintiff's case should have been dismissed because she failed to show that "alternative" modes of transportation were not available to her. We reject this view for several reasons. First, defendant never made any such argument in either the trial court or in its brief to this Court. See *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009) (stating that in a motion brought under MCR 2.116(C)(10), the moving party must " 'specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact' "), quoting MCR 2.116(G)(4). Second, defendants *stipulated*, "[plaintiff] had to encounter the ice on the surface of the parking lot" to get to her car, so any claim that she did not need to do so is waived. Third, the dissent never states what reasonable alternative modes of transportation it theorizes might have allowed plaintiff to avoid the icy conditions that covered the entire premises and cites no evidence to support that theory. This is a telling omission, as it is difficult to imagine what could have transported plaintiff off the property without having to encounter the universally present ice. The dissent seems to take the view that that, even if a defendant does not argue that safe and reasonable alternatives existed, a plaintiff must nevertheless demonstrate a lack of safe and reasonable alternatives. A plaintiff is required to rebut the reasonableness of any alternatives proffered by the defense, but is not required to do so where the defense, as here, fails to offer evidence (or even a claim) of any such alternatives. The dissent's approach suggests that the party with the burden of proof must rebut theories that are never presented. This is akin to an appellate court reversing a defendant's conviction because the prosecution failed to *disprove* self-defense or alibi when the defendant never asserted that he acted in self-defense or that he had an alibi for the time in question.

In its opinion and order, the trial court misstated the stipulation between the parties. It wrote, in the first paragraph of its opinion, that the parties agreed that the ice in the parking lot "was not avoidable in order for Plaintiff to enter or exit her apartment." In fact, the parties stipulated, "[t]o get to her car from her apartment, Ms. Attala had to encounter the ice on the surface of the parking lot." Defendants did not concede that the ice was unavoidable under all circumstances and, in particular, that the ice "was not avoidable in order for Plaintiff to enter or exit her apartment." In fact, the ice was "unavoidable" only if plaintiff chose to walk on the parking lot in conditions that were known, open, and obvious to her. In essence, the trial court reached its decision in favor of plaintiff on the basis of a faulty premise.

Seemingly recognizing this faulty premise, the majority's opinion focuses on the fact that plaintiff "had to encounter the ice to get to her car." It also describes the ice as being "universally present," to strengthen the conclusion that the plaintiff was compelled or required to traverse the ice in the parking lot. The majority twists the issue, and the stipulated facts, to transform this case by inserting on its own accord, like the trial court, a new, unstipulated fact, that plaintiff was compelled to encounter the admittedly open and obvious condition on the parking lot, when, in actuality, the facts indicate that she simply chose to do so.

A landowner generally owes no duty to protect or warn an invitee of dangers that are open and obvious. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). But the Michigan Supreme Court "has discussed two instances in which the special aspects of an open and obvious hazard could give rise to liability: when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable.*" *Hoffner v Lanctoe*, 492 Mich

450, 463; 821 NW2d 88 (2012). As the Court cautioned, "*In either circumstance*, such dangers are those that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided and thus must be differentiated from those risks posed by ordinary conditions or typical open and obvious hazards." *Id*. at 463 (quotation marks and citation omitted). Accordingly, the special aspects exception is exceedingly narrow because "neither a common condition nor an avoidable condition is uniquely dangerous." *Id*.

In the instant case, the parties stipulated that the parking lot was covered with thick ice at the time of plaintiff's fall and that no snow was covering it. Both parties agreed that the ice covering the parking lot was known to plaintiff, and open and obvious. The parties also agreed that in order to reach her car, plaintiff had to encounter the ice. From these facts, the majority concludes that there was a hazard, though not necessarily an unreasonable one, that was effectively unavoidable and, as a result, defendants are liable.

The majority's conclusion requires a logical leap that is not supported by the limited stipulated facts before this Court. While the parties stipulated that plaintiff was going to class to turn in a report, there is no evidence establishing that her only option to do so was to encounter ice in the parking lot, a condition the majority now has taken to describe as, "universally present." Further, contrary to plaintiff's suggestion, there was no evidence that she was "trapped" in her apartment. Even if walking across the parking lot at the instant she desired was the only way to reach her car, she voluntarily chose to do so.

In her appellate brief, plaintiff frames the issue before the Court as being:

Whether the Circuit Court Erred in Determining that Special Circumstances Existed Where the Parking Lot of Tammi Attala's Apartment Building Was Completely Covered With Thick Ice That She Was Required to Cross to Leave Her Apartment.[1]

Plaintiff argues on appeal, without there being any factual basis in the record to support her, that she "had" to get to her car, she was "unable to protect herself," she "had no option," she "had no choice" and that she was otherwise "trapped" in the apartment building. In reality, the parties did not stipulate those facts, nor were they ever established in the trial court.

As the Michigan Supreme Court has held, a hazard is effectively unavoidable if a person "for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard. As a parallel conclusion, situations in which a person has a *choice* whether to confront a hazard cannot truly be unavoidable, or even effectively so." *Hoffner*, 492 Mich at 468-469.

The example the Court provided in *Lugo* further demonstrates this point. The Court provided the following example of an effectively unavoidable condition: "[A] commercial building with only one exit for the general public where the floor is covered with standing water." *Lugo*, 464 Mich at 518. In such a scenario, a person would be effectively trapped in the building, as he or she could not exit safely. Yet, in this case, there is no evidence that plaintiff was unable to exit her apartment safely, that she had no alternative way of attending her class or submitting her report other than by walking through the parking lot to her car. The facts provided through the parties' stipulation merely indicate that plaintiff voluntarily chose to walk on the open and obvious ice. The parties do not stipulate that

---

[1] Capitalization altered.

plaintiff was required or compelled to do so. As such, from the limited facts before this Court, it cannot be said that the hazard was effectively unavoidable or that plaintiff was required or compelled to confront it.

Moreover, as the Court in *Hoffner* emphasized, the exception for effectively unavoidable hazards "is a limited exception designed to avoid application of the open and obvious doctrine only when a person is subjected to an unreasonable risk of harm." *Hoffner*, 492 Mich at 468. In other words, the "touchstone of the 'special aspects' analysis is that the condition must be characterized by its *unreasonable risk of harm.* Thus, an 'unreasonably dangerous' hazard must be just that— not just a dangerous hazard, but one that is unreasonably so." *Id.* at 455-456.

While the parking lot may have had ice, the parties did not stipulate that it created such a risk that its mere presence made it unreasonably hazardous, that it was universally present, or that it created an unreasonable risk of harm. As our Supreme Court has observed, "Michigan, being above the 42nd parallel of north latitude, is prone to winter. And with winter comes snow and ice accumulations on sidewalks, parking lots, roads, and other outdoor surfaces." *Id.* at 454. Nothing in the stipulated facts indicates that the accumulation of ice in the parking lot was anything other than typical. As such, the ice was nothing more than an "ordinary condition[]," which did not present any special aspects that could give rise to liability. See *id.* at 463

Because plaintiff failed to meet her burden of proof on the stipulated facts,[2] I dissent from the majority opinion. I would reverse.

---

[2] Plaintiff bore the burden to prove that defendants owed her a duty in this negligence action. See *Flones v Dalman*, 199 Mich App 396, 402-403; 502 NW2d 725 (1993).