# STATE OF MICHIGAN

# COURT OF APPEALS

---

JIM MCAULIFFE,

        Plaintiff-Appellee,

v

LAVILLA RESTAURANT, INC., doing business
as LA VILLA RESTAURANT & PIZZERIA,

        Defendant-Appellant.

UNPUBLISHED
August 11, 2016

No. 323407
Genesee Circuit Court
LC No. 13-099725-NO

---

Before: RONAYNE KRAUSE, P.J., and SAWYER and STEPHENS, JJ.

PER CURIAM.

In this classic slip and fall action, defendant, Lavilla Restaurant, Inc., doing business as La Villa Restaurant & Pizzeria, appeals by leave granted[1] the trial court's August 8, 2014 order denying its motion for summary disposition under MCR 2.116(C)(10). We reverse and order summary disposition in favor of defendant.

## I. BACKGROUND

This case arises out of a slip and fall accident that occurred on January 26, 2010, at approximately noon, in a driveway on defendant's property that led to the back door of defendant's restaurant. Contrary to the dissent's assertion, we base our decision upon facts that are largely undisputed. Plaintiff's job was to deliver beer. At the time of the accident, he had been delivering to defendant for approximately three years. When plaintiff started delivering to defendant, the president of defendant corporation, Constantino Iacobini, told plaintiff that when he was making deliveries he should park in the street and use the back entrance to the restaurant, because if he went through the front door it would disturb defendant's customers. A driveway led from the street to the delivery door. Plaintiff could not park in the driveway because it was too small for his truck, so he walked up the driveway to make his deliveries.

On the day of the accident, it was cold with intermittent snowfalls. A dusting of snow covered the ground. Defendant generally used a contractor to plow the driveway, and his

---

[1] *McAullife v Lavilla Restaurant, Inc*, unpublished order of the Court of Appeals, entered March 19, 2015 (Docket No. 323407).

-1-

employee, Kenneth Wahra, typically salted and removed snow when necessary. However, it is not clear from the record whether the driveway was plowed or salted the morning plaintiff fell.

The morning of the accident, plaintiff parked in the street and delivered beer to defendant via the back door, as instructed. He then returned to his truck with some empty cans and bottles from defendant, and went back into the restaurant to give defendant a bill and collect payment. While returning to his truck the second time, plaintiff slipped on some snow-covered ice on the driveway. Regrettably, plaintiff was seriously injured as a result of the fall, and these injuries limited his ability to work and caused significant pain and suffering.

Plaintiff filed a three-count complaint on January 22, 2013, pleading general negligence, nuisance and premises liability. In particular, plaintiff alleged that defendant (1) was negligent for forcing plaintiff to use the unsafe rear entrance instead of the safe, front entrance, (2) failed to maintain a safe premises, and (3) maintained a private and public nuisance. Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that as to plaintiff's premises liability claim, the slippery conditions were open and obvious. In supplemental pleadings defendant argued that plaintiff's general negligence and nuisance claims were, also, unsupported in fact or law.

The trial court denied defendant's motion regarding the premises liability claim finding that the condition of ice accumulation in a depression in the driveway covered by snow was not open and obvious. The court deferred ruling on the viability of the general negligence and nuisance claims stating, "that can be determined if and when this case goes to trial before it goes to a jury. After I hear all of the evidence, I can then decide what theories go to the jury and what theories don't."

## II. STANDARD OF REVIEW

"This Court reviews de novo a trial court's ruling on a defendant's motion for summary disposition." *Wyoming Chiropractic Health Clinic, PC v Auto-Owners Ins Co*, 308 Mich App 389, 390; 864 NW2d 598 (2014) (citation omitted). If an issue upon which reasonable minds might differ is evident, a genuine issue of material fact exists. *Quinto v Cross & Peters Co*, 451 Mich 358, 38; 547 NW2d 314 (1996).

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." [*Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).]

"[P]roofs must be admissible in evidence." *Maiden*, 461 Mich at 119. "The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Id.*

This Court also reviews de novo a trial court's determination of the existence of a duty. *Laier v Kitchen*, 266 Mich App 482, 496; 702 NW2d 199 (2005). "Ordinarily, whether a duty

exists is a question of law for the court. If there is no duty, summary disposition is proper." *Id*. (Internal citation omitted).

## III. GENERAL NEGLIGENCE AND NUISANCE

Defendant first argues that the trial court erred when it denied it summary relief as to plaintiff's general negligence and nuisance claims because plaintiff alleged facts that only sound in premises liability, not ordinary negligence or nuisance. Plaintiff, to the contrary, argues that the issue is not ripe for our review because of the trial court's deferral. Alternatively, plaintiff argues that summary judgment should not be granted on either claim because defendant was actively negligent in forbidding him to use the main entrance and thereby forced him to use the rear door and traverse the driveway without exercising care to maintain the driveway in a safe condition. Additionally, plaintiff argues that the unsafe condition of the driveway constituted a private and public nuisance. We will address this issue because it was fully briefed at the trial level. Cf. *People v Redden*, 290 Mich App 65, 90, n 11; 799 NW2d 184 (2010).

"To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) causation, and (4) damages." *Laier*, 266 Mich App at 495; (quotation marks and citation omitted). "[T]he duty owed in a general negligence claim is that 'every person who engages in the performance of an undertaking has an obligation to use due care or to act so as not to unreasonably endanger the person or property of another.' " *Jahnke v Allen*, 308 Mich App 472, 475; 865 NW2d 49 (2014) quoting *Schenk v Mercury Marine Div, Lowe Indus*, 155 Mich App 20, 25; 399 NW2d 428 (1986). A negligence claim may be brought for injuries arising from the conduct of a landowner where the conduct rather than the condition of the land gives rise to that injury. *Laier*, 266 Mich App at 493-494.

In *Laier*, the plaintiff sued for wrongful death based on both an ordinary negligence theory, and a premises liability theory. *Id.* at 495. The injury in *Laier* occurred when the landowner asked the decedent to assist in the repair of the hydraulic hose of a tractor front–loader. *Id*. at 485. The Court concluded that summary disposition was not appropriate on the ordinary negligence claim because the defendant's *conduct*, and his possible breach of his duty to exercise ordinary care while engaging in that conduct, was the basis of the potential liability for the ordinary negligence claim. *Id.* at 493-494, 497. The premises claim in *Laier* was based upon a failure to warn the decedent about the clamp on the hydraulic system that was the subject of the repair. *Id*. at 497. The Court concluded that summary disposition was not appropriate on the premises liability claim either, because there was a genuine issue of material fact about whether the danger posed by the clamped hose was open and obvious. *Id.* at 500.

Here, plaintiff argues that the ordinary negligence cause of action springs from the "harm caused by the actions of [defendant] in forbidding [plaintiff] to use the main entrance and forcing him to use the designated door for delivery without exercising care to maintain the driveway and make sure it was safe for his ingress/egress." This circumstance is unlike that of *Eaton v Winnie*, 20 Mich 156 (1870), a venerable case from the nineteenth century concerning diseased sheep. In *Eaton*, the plaintiff, a purchaser of land, brought his sheep onto his new property where they contracted a disease. *Id*. The seller, when sued, argued that the purchaser knew that diseased sheep had been on the land and negligently grazed his sheep on the same land. *Id*. at 164.

However, evidence was introduced that the seller made a representation to the purchaser that a night's frost would render the land incapable of transmission of the disease. *Id*. at 163. The seller argued unsuccessfully that the inured shepherd was negligent in believing his assertions and should not recover. *Id*. at 165-166.

There is no record evidence of any statements by the defendant landowner in this case that the passageway of this plaintiff was safe from ice, snow or uneven pavement. We are not imputing any negligence to plaintiff here. Instead, this is a circumstance where the directive alone is not the reason for injury. Plaintiff's argument on appeal is also that the fall was not occasioned by the directive alone. He argues that the directive made with real or constructive knowledge of the alleged dangerous condition constituted a breach of duty by defendant. Directing a delivery person to use the back door does not, in itself, breach the duty of ordinary care. Contrast this with *Laier*, where the defendant raised the bucket of a front-end loader four to five feet off the ground, so a man could get under the bucket to repair the same hydraulic system that was holding the bucket in place, and defendant failed to secure the bucket to ensure it would not fall on the man. 266 Mich App at 485-486. There, even without considering the issue of the clamped hydraulic hose, there was clearly a genuine issue of material fact about whether the defendant breached the duty of ordinary care with his conduct. In the instant case, there is no genuine issue of material fact regarding the ordinary negligence claim, because defendant did not engage in *conduct* that violated the duty of ordinary care. Defendant's motion for summary disposition of plaintiff's ordinary negligence claim should have been granted.

Plaintiff also alleges private and public nuisance. Plaintiff does not however, either in the lower court record or in his brief on appeal, explain how the facts of this case could give rise to either a private or public nuisance cause of action. Regarding private nuisance, plaintiff must have property rights that defendant interfered with. See *Capitol Properties Group, LLC v 1247 Ctr Street, LLC*, 283 Mich App 422, 431-432; 770 NW2d 105 (2009). [2] Defendant did not interfere with any property right held by plaintiff. Plaintiff must make this showing to sustain a case of private nuisance. *Id.* Regarding public nuisance, plaintiff has presented no evidence that the alleged defective driveway unreasonably interfered[3] with any "common right enjoyed by the

---

[2] "One is subject to liability for a private nuisance if"

> (a) the other has property rights and privileges in respect to the use or enjoyment interfered with, (b) the invasion results in significant harm, (c) the actor's conduct is the legal cause of the invasion, and (d) the invasion is either (i) intentional and unreasonable, or (ii) unintentional and otherwise actionable under the rules governing liability for negligent, reckless, or ultrahazardous conduct [*Capitol Properties Group, LLC v 1247 Ctr St, LLC*, 283 Mich App 422, 428-29; 770 NW2d 105 (2009) quoting *Cloverleaf Car Co v Phillips Petroleum Co,* 213 Mich App 186, 193; 540 NW2d 297 (1995).]

[3] "The term 'unreasonable interference' includes conduct that (1) significantly interferes with the public's health, safety, peace, comfort, or convenience, (2) is proscribed by law, or (3) is known or should have been known by the actor to be of a continuing nature that produces a permanent or long-lasting, significant effect on these rights." *Cloverleaf Car Co*, 213 Mich App at 190.

general public." *Cloverleaf Car Co v Phillips Petroleum Co,* 213 Mich App 186, 190; 540 NW2d 297 (1995). There is thus no genuine issue of material fact in regards to the nuisance claims, and defendant's motion for summary disposition regarding those claims should have been granted.

## IV. PREMISES LIABILITY

Defendant next argues that there is no genuine issue of material fact that the dangers posed by the slippery driveway were open and obvious, and further, that no special aspects existed to avoid application of the open and obvious doctrine. Alternatively, defendant argues that it cannot be held liable because it did not have actual or constructive notice of the condition. We agree in part and disagree in part.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013) (quotation omitted). A claim will sound in premises liability when liability "emanates merely from the defendant's duty as an owner, possessor, or occupier of land," and the plaintiff alleges "a failure to warn of a dangerous condition or [] a breach of duty in allowing the dangerous condition to exist." *Laier*, 266 Mich App at 489, 493. "[A]lleging that defendant created the condition 'does not transform the claim into one for ordinary negligence.' " *Jahnke*, 308 Mich App at 475 quoting *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012).

"The starting point for any discussion of the rules governing premises liability law is establishing what duty a premises possessor owes to those who come onto his land." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). Plaintiff was a business invitee, because he was present at defendant's restaurant in a professional capacity. See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000). A landowner is liable to an invitee for injuries caused by a condition of the land when the owner:

> (a) knows, or by the exercise of reasonable care would discover, the condition, and should realize that it involves an unreasonable risk of harm to such invitees, (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger. [*Prebenda v Tartaglia*, 245 Mich App 168, 169; 627 NW2d 610 (2001).]

This duty does not encompass removal of dangers that are open and obvious. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). Open and obvious dangers are those that would either be already known to an invitee or those that are so obvious that they are reasonably expected to be discovered by an invitee. *Id*.; See *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 478; 760 NW2d 287 (2008), lv den 483 Mich 984 (2009) quoting *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 474; 499 NW2d 379 (1993) ("A premises possessor is generally not required to protect an invitee from open and obvious dangers. The logic behind the open and obvious danger doctrine is that 'an obvious danger is no danger to a

reasonably careful person.' "). The snow and ice on the driveway on the day of plaintiff's accident was open and obvious.[4]

Plaintiff further argues however, that the danger was not merely the slippery condition of the driveway, but the slipperiness combined with the uneven, poorly maintained nature of the driveway. While we agree with defendant that the ice and snow are open and obvious as a matter of law, we disagree as to whether the existence of uneven surfaces under the ice and snow is discoverable even upon casual inspection by an ordinary person. Dangers are open and obvious when an "invitee might reasonably be expected to discover them." *Lugo,* 464 Mich at 516 (quotation omitted). We agree with the dissent that in certain circumstances a landowner may have a duty to protect and warn an invitee of dangers that are posed by icy or snowy conditions. We, also agree, that the combination of ice, snow and other features of the land may render dangers neither open nor obvious. Common sense aside, however, the record must contain competent evidence that this plaintiff's fall was occasioned by the combination of both ice, snow and unevenness, and that the landowner had notice. According to plaintiff's deposition, ice covered by snow caused his fall. Additionally, plaintiff presents no evidence as to the duration of the uneven condition. At best, plaintiff shows that the driveway and concrete were in substantial part the original paving.

Plaintiff points to the deposition of Kenneth Wahra, defendant's employee, who plaintiff argues indicated that "ice on an uneven driveway make [sic] an uneven driveway additionally dangerous." Wahra testified:

> *Q.* [] And would you agree with me that ice on an uneven driveway makes an uneven driveway even more dangerous?
>
> *A.* Could be.

Wahra gave a noncommittal response. Even if he gave an affirmative response, and assuming his testimony on this point would be admissible evidence properly considered when deciding a motion for summary disposition, that answer would not indicate that Wahra thought the driveway was more dangerous because it was uneven. Instead, it would indicate that uneven icy driveways are more dangerous than uneven driveways that are not icy. It is undoubtedly true that all driveways, level or not, are more dangerous when icy. Thus, Wahra's answer does not support the proposition that the uneven nature of the driveway contributed to plaintiff's injury.

Plaintiff fails to present sufficient evidence to establish that the uneven pavement was a cause of his fall and to create a genuine issue of material fact. See *Laier*, 266 Mich App at 495.

Even if a danger is open and obvious, if the condition is unreasonably dangerous or the danger is unavoidable, that condition has special aspects that impose on a premises possessor "a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo*, 464 Mich at 517; *Hoffner*, 492 Mich at 461 ("[L]iability may arise when special aspects of a condition make

---

[4] "Generally, the hazard presented by snow and ice is open and obvious, and the landowner has no duty to warn of or remove the hazard." *Buhalis*, 296 Mich.App at 694 (citation omitted).

even an open and obvious risk unreasonable."). In deciding whether a condition has special aspects in the context of summary disposition:

> the critical question is whether there is evidence that creates a genuine issue of material fact regarding whether there are truly 'special aspects' of the open and obvious condition that differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm, i.e., whether the 'special aspect' of the condition should prevail in imposing liability upon the defendant or the openness and obviousness of the condition should prevail in barring liability. [*Lugo*, 464 Mich at 517-518.]

Our Supreme Court has acknowledged "two instances in which the special aspects of an open and obvious hazard could give rise to liability: when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable*." *Hoffner*, 492 Mich at 463. "[T]he standard for 'effective unavoidability' is that a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard. As a parallel conclusion, situations in which a person has a *choice* whether to confront a hazard cannot truly be unavoidable, or even effectively so." *Id*. at 469. See e.g. *Attala v Orcutt*, 306 Mich App 502, 505; 857 NW2d 275 (2014) ("plaintiff had to encounter the icy conditions and that the entire parking lot was covered with thick ice, the hazard was effectively unavoidable and, therefore, the open and obvious danger doctrine did not vitiate defendants' duty."); See also *Lugo*, 464 Mich at 518 ("for example, a commercial building with only one exit for the general public where the floor is covered with standing water.").

Plaintiff argues that the danger he faced was effectively unavoidable because "he was given no other option by the landowner but to use the designated delivery door at issue." In further support, plaintiff submits, as supplemental authority under MCR 7.212(F)[5], this Court's recent decision in *Lymon v Freedland*, ___ Mich App ___; ___ NW2d ___ (2016). *Lymon* involved an in-home health care aid who was injured while reporting to work after she slipped and fell on the defendant's steep driveway that was covered with ice and snow. *Id*. at ___; slip op at 2. Contrary to the dissent's assertion that we viewed this case with "ivory tower disdain," we reviewed the circumstances carefully to determine if this plaintiff faced a circumstance that was, at best a Hobson's choice. We agree with *Lymon*, that circumstances may render a danger effectively unavoidable. The plaintiff in *Lymon*, who had complained about the slippery pathway repeatedly to the homeowner, was a healthcare worker. Unless she attempted to

---

[5] Supplemental Authority. Without leave of court, a party may file an original and four copies of a one-page communication, titled "supplemental authority," to call the court's attention to new authority released after the party filed its brief. Such a communication,

> (1) may not raise new issues;
>
> (2) may only discuss how the new authority applies to the case, and may not repeat arguments or authorities contained in the party's brief;
>
> (3) may not cite unpublished opinions. [MCR 7.212(F).].

traverse the ice-covered pathway, her patient would have had no caregiver. The *Lymon* Court held

> a reasonable juror could conclude that plaintiff did not have a choice as to whether to confront the icy conditions. As a home health care aide, plaintiff did not have the option of abandoning her patient, an elderly woman who suffered from dementia and Parkinson's disease. Plaintiff did not confront the hazard merely because she desired to participate in a recreational activity, but rather, a rational juror could conclude that she was "compelled by extenuating circumstances" and had "no choice" but to traverse the risk. [*Id.* at ___; slip op. at 9; (citation omitted).].

Plaintiff argues that like the plaintiff in *Lymon*, he was at defendant's restaurant to perform work and did not have the option of failing to appear for work, nor did he have the option to use any other path, therefore, he was "compelled by extenuating circumstances" to traverse the dangerous driveway. We agree that plaintiff was instructed by the property owner to deliver his goods via the rear pathway. In the face of *Hoffner*, the *Lymon* Court relied on the fact that the healthcare worker's critical obligations to a vulnerable patient could lead a rational trier of fact to find that she was compelled to confront a known danger. The consequences for such a choice extend far beyond workplace discipline. Here, plaintiff suffered injury on his way to deliver a bill after he had deposited his goods. We agree that he might have been subject to negative employment consequences had he chose not to make the delivery. The record is devoid of any proofs in this regard, however. Given proofs that a request to deliver the bill through the front door or to deliver goods on another day would have resulted in significant negative consequences, this case might also present a *Lymon* issue for the trier of fact. The instant case however, does not present the extenuating circumstances of *Lymon*. Having reviewed plaintiff's supplemental authority, we conclude that there is no genuine issue of material fact about whether the danger was avoidable.

Finally, defendant argues that it did not know, nor did it have reason to know, that there was a patch of ice located in the driveway. Neither did defendant create that condition. Therefore, defendant cannot be held liable for plaintiff's injuries. This Court need not address this argument given our conclusion that the dangers plaintiff encountered were open and obvious, which justifies reversal of the trial court's order denying summary disposition.

Reversed.

/s/ David H. Sawyer
/s/ Cynthia Diane Stephens