*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHARON HARRIS,

        Plaintiff-Appellant,

v

NJM MANAGEMENT CO., INC., K.F.C. TAKE
HOME OF FRASER, INC., SHANE ASSOCIATES
CORP., and KENTUCKY FRIED CHICKEN,

        Defendants-Appellees.

UNPUBLISHED
May 18, 2023

No. 361399
Macomb Circuit Court
LC No. 2020-003432-NO

Before: LETICA, P.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right the trial court's order granting defendants' motion for summary disposition. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises from injuries incurred by plaintiff when she tripped on an allegedly loose and raised metal door plate at the entrance of defendants' restaurant. The restaurant had two public entrances, one located on the south side of the building and the other on the north side. The restaurant also had a drive-through window on the north side of the building.[1] Plaintiff had visited the restaurant several times without incident.

But, in late September 2017 at approximately 5:30 p.m., plaintiff went to defendants' restaurant to pick up dinner for her family. The weather conditions were clear and dry. Plaintiff entered the restaurant through the south entrance and was not carrying anything in her hands when she entered the building. Plaintiff opened the entrance door with her left hand, tripped over the "threshold," and sustained injuries from her fall. She described the threshold as "the area where

---

[1] Plaintiff testified that she was unaware that there was a door on the north side of the building.

the metal border is before you go into the door,"[2] and she could see the threshold before she fully opened the door.[3] Specifically, plaintiff testified that her left gym shoe became lodged under the entrance threshold because the threshold was raised, loose, and separate from the concrete sidewalk. Because the top of her shoe lodged under the loose and raised threshold, plaintiff's head hit the second door in the foyer, and she landed on the floor. At that time, plaintiff looked to see what caused her fall and saw "the threshold was separated from the floor."[4] A customer assisted plaintiff to a seat in the restaurant. Plaintiff briefly spoke to the restaurant manager named Joshua, who called 911. Because of her injuries to her head, shoulder, and hand, an ambulance was called and took plaintiff to the hospital. Her wrist and hand were placed in a cast, and she was instructed to follow up with her family physician.

Plaintiff visited the restaurant after her injury but only used the drive-through window. Therefore, she was unsure if any changes were made to the threshold. Additionally, plaintiff did not know there was any other entrance into the restaurant other than the south entrance. Plaintiff could not remember the color of the door frame but knew that the door was clear glass. She could not recall the color of the entrance before the door or whether it was cement or asphalt. Plaintiff also was unaware if any of the restaurant employees had inspected the threshold that day.

Plaintiff filed a complaint alleging defendants were liable for plaintiff's injuries under premises liability and ordinary negligence theories.[5] Defendants moved for summary disposition under MCR 2.116(C)(10), claiming that the threshold was an open and obvious condition that did not present an unreasonable risk of harm, and that plaintiff failed to establish that defendants had notice of the threshold's condition. Plaintiff opposed defendants' motion and moved for summary disposition in her favor under MCR 2.116(I)(2). Plaintiff alleged that the tripping hazard posed by the threshold was not an open and obvious condition visible upon casual inspection, and defendants breached the duty to exercise reasonable care to protect her. Plaintiff further asserted that the condition was effectively unavoidable because she had to encounter it to enter the restaurant; she was unaware that there was another door to enter the restaurant. Finally, plaintiff submitted that the open and obvious doctrine did not apply to the hazards that were created by

---

[2] Defendants submitted pictures indicating that there was a metal plate under the frame of the door that extended slightly outside the door. The metal plate was silver in color and different from the light color of the sidewalk outside the entrance door. Plaintiff was asked if the threshold was the piece of metal directly under the door or the bottom of the door frame, she responded, "I'm not sure what you're asking."

[3] Plaintiff was asked, "Did you see the threshold as you were entering the [Kentucky Fried Chicken] restaurant?" She responded, "Yes." Plaintiff also testified that she had been through that door before. She did not know the number of times that she had used that entry, but noted that she had lived in the area since 2011.

[4] Plaintiff estimated that the threshold was ½ inch above the floor. She did not touch the threshold but only looked at it.

[5] Plaintiff did not specifically identify individual counts in her complaint, but referenced the condition of the premises and the "active negligence" of the employees.

defendants' own negligence. And, she contended that defendants had actual or constructive notice of the threshold's condition because they had a duty to inspect the premises for hazards.[6] In reply, defendants reiterated that the condition was open and obvious and did not present a severe risk of harm, there were no special aspects to the condition, and plaintiff failed to plead a separate claim of negligence.

At the motion hearing, the parties argued consistent with their briefs. The trial court issued a written opinion that granted defendants' motion for summary disposition under MCR 2.116(C)(10), and thereby implicitly denied plaintiff's motion under MCR 2.116(I)(2). The trial court concluded plaintiff's claim sounded solely in premises liability because the incident arose from a condition on defendants' property and failed to suggest that defendants' agents played an active role in causing the injury. Further, it determined that the threshold was an open and obvious danger because it was a metallic color that clearly contrasted against the cement sidewalk and the inner floor of the restaurant. The threshold was also avoidable because plaintiff was not required to confront the hazard. Specifically, plaintiff could have used the second entrance, used the drive-through window, or proceeded to a different restaurant. Thus, the trial court granted defendants' motion because there was no genuine issue of material fact regarding whether the threshold was an open and obvious hazard without special aspects.[7] Plaintiff appeals.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Batista v Office of Retirement Servs*, 338 Mich App 340, 354; 980 NW2d 107 (2021). A motion for summary disposition premised on MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Charter Twp of Pittsfield v Washtenaw Co Treasurer*, 338 Mich App 440, 449; 980 NW2d 119 (2021). The moving party must identify and support the issues to which the moving party believes there is no genuine issue of material fact, and the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted with the motion must be examined. *Id*. Once the moving party makes and supports its motion, the opposing party may not rest on mere allegations or denials in the pleadings, but must submit documentary evidence setting forth specific facts to demonstrate a genuine issue for trial. *Id*.

## III. ORDINARY NEGLIGENCE CLAIM

Plaintiff contends that the trial court erred in concluding that plaintiff's ordinary negligence claim failed because she was required to prove that defendants actively played a role in plaintiff's

---

[6] Plaintiff did not present any evidence regarding the party responsible for the maintenance of the door's threshold, the party responsible for cleaning the threshold, or if a party regularly inspected the threshold. Rather, plaintiff merely concluded in the narrative portion of her brief that, "Common sense dictates that a door threshold does not suddenly become loose and the condition likely existed and became gradually worse for days or weeks before Plaintiff fell."

[7] The court did not address or rule on plaintiff's claim that defendants had constructive notice of the hazardous threshold.

trip on the threshold. She further alleged that defendants' negligently allowed the threshold to remain loose and unrepaired, thereby presenting an issue for the jury. We disagree.

"If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). Further, "[w]hen the claim is based on a condition of the premises, liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Pugno v Blue Harvest Farms, LLC*, 326 Mich App 1, 13; 930 NW2d 393 (2018) (quotation marks and citation omitted). Here, plaintiff's claim arose from a condition on defendants' property (the raised threshold at the restaurant's entrance). Thus, the claim sounds solely in premises liability.[8]

## IV. OPEN AND OBVIOUS DOCTRINE

Plaintiff alleges that the trial court erred in concluding that the condition was open and obvious. Because the loose and unrepaired threshold was not visible on casual inspection, not avoidable, and presented special aspects, she submits that a factual issue was raised for the jury. We disagree.

"[A] premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). However, the premises owner's duty does not extend to conditions that are "open and obvious." *Id*. If the conditions "are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." *Id*. (quotation marks and citation omitted). In analyzing whether a condition is open and obvious, we use the objective test of "whether a reasonable person in [plaintiff's] position would foresee the danger." *Joyce v Rubin*, 249 Mich App 231, 238-239; 642 NW2d 360 (2002) (quotation marks and citation omitted). Likewise, we analyze whether "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Id*. at 238 (quotation marks and citation omitted). The determination depends on the characteristics of a reasonably prudent person, and not on the characteristics of a specific plaintiff. *Mann v Shusteric Enterprises, Inc*, 470 Mich 320, 329 n 10; 683 NW2d 573 (2004). In Michigan, it is the overriding public policy to encourage people to take reasonable care for their own safety and watch where they are walking. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 616-617; 537 NW2d 185 (1995). Accordingly, a possessor of land does not have a duty to make ordinary steps "foolproof." *Id*.

Given the conditions and viewing the facts in a light most favorable to plaintiff, the trial court did not err in determining that there was no genuine issue of material fact regarding whether the metal threshold was an open and obvious hazard. The threshold to the restaurant was metallic

---

[8] Additionally, we note that plaintiff failed to present any documentary evidence addressing the maintenance of the threshold by defendants' agents to support the elements of ordinary negligence.

in appearance and was raised slightly above the outer cement sidewalk. The color and material of the threshold clearly contrasted from that of the sidewalk, the door frame, and the interior tile floor. The photograph of the threshold demonstrates that an average person would have noticed the raised threshold (essentially a small, ordinary step) and that it was not flush with the sidewalk if the area was casually inspected when entering the restaurant. Indeed, plaintiff admitted in her deposition that she saw the threshold before and while she opened the door to the restaurant. It was a clear day, and it was still light outside when the incident occurred. Plaintiff was also not carrying anything in her hands when she entered the restaurant. Thus, there was no genuine issue of material fact that the threshold was an open and obvious condition.

Plaintiff submits that there were special aspects that nonetheless gave rise to defendants' liability. We disagree.

Although we conclude the threshold was an open and obvious condition, defendants may still be liable if the threshold had special aspects that made the risk of the condition unreasonable. See *Attala v Orcutt*, 306 Mich App 502, 505; 857 NW2d 275 (2014). There are two special aspects that give rise to liability: (1) the hazard "pose[d] a substantial risk of death or serious injury," or (2) the hazard was "effectively unavoidable." *Id*. A hazard is effectively unavoidable if "a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard." *Estate of Livings v Sage's Investment Group, LLC*, 507 Mich 328, 338; 968 NW2d 397 (2021) (quotation marks and citation omitted). Further, "situations in which a person has a *choice* whether to confront a hazard cannot truly be unavoidable, or even effectively so." *Id*. (quotation marks and citation omitted).

Here, plaintiff submits she was forced to walk over the threshold to enter the restaurant because she was unaware of the other entrance. However, the trial court appropriately determined that plaintiff was not required to confront the allegedly hazardous threshold; therefore, the potential danger was not effectively unavoidable. Plaintiff testified that she observed the threshold as she opened the door and entered the restaurant.[9] Despite this observation, plaintiff did not seek another entrance, proceed to the drive-through, or go to a different restaurant. Thus, plaintiff had a choice whether to confront the hazard, and therefore, the hazard could not have been truly or effectively unavoidable.

Additionally, plaintiff did not provide evidence that the hazardous threshold posed a substantial risk of death or serious injury. In *Lugo*, 464 Mich at 520, the Court noted that a plaintiff tripping on "ordinary potholes in a parking lot" did not rise to the level of a substantial risk of death or serious injury. "Unlike falling an extended distance, it cannot be expected that a typical person tripping on a pothole and falling to the ground would suffer serious injury." *Id*. Here, plaintiff's fall to the floor from a standing position after tripping on the threshold was likewise

---

[9] Plaintiff asserted that the raised and loose threshold was not open and obvious and apparent to a casual observer. However, plaintiff testified that she observed the threshold as she opened the door and entered the restaurant. The threshold essentially consisted of a slight stair or step, yet plaintiff did not maneuver her foot over the step to avoid any contact despite her awareness of its presence.

unlikely to involve an especially high risk of serious injury or death. Therefore, the trial court did not err in determining there were no special aspects that would give rise to defendants' liability.

## V. ACTUAL OR CONSTRUCTIVE NOTICE

Plaintiff submits there was also a question of fact regarding whether defendants had actual or constructive notice of the raised and loose threshold. We disagree.

An invitor has the legal duty to "exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Perkoviq v Delcor Homes-Lake Shore Pointe, Ltd*, 466 Mich 11, 16; 643 NW2d 212 (2002). However, this duty only arises if the invitor had actual or constructive knowledge of the dangerous condition. See *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 10-11; 890 NW2d 344 (2016). Therefore, the invitor is liable only if (1) it knew of the hazard, (2) the hazard was of such a character the invitor should have known about it, or (3) the hazard "existed a sufficient length of time that [the invitor] should have had knowledge of it." *Derbabian v S & C Snowplowing, Inc*, 249 Mich App 695, 706; 644 NW2d 779 (2002) (quotation marks and citation omitted); see also *Lowrey*, 500 Mich at 11. A defendant is not required to present evidence of a routine or reasonable inspection to prove a lack of actual or constructive notice. *Id*. Rather, the burden is on plaintiff to present evidence that defendants had actual or constructive notice of the hazardous condition. *Id*. at 8. "[I]f there was no question of fact that [the] defendant lacked such notice," the defendant would be entitled to summary disposition. *Id*.

Plaintiff presented no evidence that defendants had actual or constructive notice of the allegedly loose and raised threshold. Therefore, the trial court appropriately granted summary disposition in favor of defendants.[10]

Affirmed.

/s/ Anica Letica
/s/ Stephen L. Borrello
/s/ Michael J. Riordan

---

[10] Although not raised in the statement of questions presented, plaintiff submits that our Supreme Court is considering granting leave and scheduled oral argument to address issues pertaining to the open and obvious doctrine and comparative negligence. See *Becker v Enterprise Leasing Co*, 509 Mich 955; 972 NW2d 262 (2022), appeal dismissed March 1, 2023; *Pinsky v Kroger Co*, 509 Mich 954; 972 NW2d 256 (2022); *Kandil-Elsayed v F & E Oil, Inc*, 509 Mich 857; 969 NW2d 69 (2022). Consequently, plaintiff asked that we reverse and remand the trial court's decision and direct it to stay any decision until the Supreme Court acts on these issues. Alternatively, she requested that we hold this matter in abeyance pending action on the applications. In light of plaintiff's acknowledgment that she saw the threshold and her failure to present any evidence pertaining to actual or constructive notice, we decline her request.