*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MUHAREM M. LEKA, also known as MUHAREN M. LEKA,

UNPUBLISHED
September 21, 2023

Plaintiff-Appellant,

v

No. 364867
Washtenaw Circuit Court

BIG BEST IN GAMES, LTD.,

LC No. 22-001381-NO

Defendant-Appellee.

Before: GADOLA, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant under MCR 2.116(C)(8). Although we conclude the trial court did not err when it granted defendant's motion, the trial court abused its discretion when it denied plaintiff the opportunity to amend his complaint. Accordingly, we remand to the trial court to allow plaintiff the opportunity to amend his complaint.

## I. BASIC FACTS AND PROCEDURAL HISTORY

The facts at this stage of the proceedings are largely not in dispute. On June 30, 2022, plaintiff visited defendant's arcade room in Ypsilanti, Michigan, for the purpose of playing the games. Plaintiff selected a game called the "Dynamic Punch Force Measuring Machine," which, according to plaintiff, was placed closely to another arcade game. When plaintiff swung his fist at the punching bag, he alleged he punched through the bag and hit the machine placed too closely to the punching machine, causing injuries to his hand.

Plaintiff filed a one-count negligence complaint against defendant, in which plaintiff alleged that defendant negligently placed the arcade game too closely to other games in order to safely operate it. Defendant moved for summary disposition under MCR 2.116(C)(8), asserting that plaintiff's claim was for premises liability and, under the open and obvious doctrine, defendant had no duty to protect plaintiff. The trial court agreed and granted the motion. The court also determined that any amendment to the complaint would be futile under the open and obvious doctrine. This appeal followed.

## II. STANDARDS OF REVIEW

The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(8). This Court reviews de novo a trial court's decision to grant or deny summary disposition. *San Marino Iron, Inc v Haji*, 341 Mich App 634, 639; 991 NW2d 828 (2022). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim by accepting all factual allegations in the complaint as true and determining whether a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*. (quotation marks and citation omitted). The trial court may only consider the pleadings when deciding a motion under MCR 2.116(C)(8). *Rodriguez v Hirshberg Acceptance Corp*, 341 NW2d 349, 356; 991 NW2d 217 (2022).

In addition, this court reviews a trial court's decision to permit amendment to a complaint for an abuse of discretion. *Forton v St Clair Co Public Guardian*, 339 Mich App 73, 85; 981 NW2d 103 (2021). A trial court abuses its discretion when it makes a decision outside the range of principled outcomes. *Komendat v Gifford*, 334 Mich App 138, 147 n 2; 964 NW2d 75 (2020).

## III. ANALYSIS

The main issue before the trial court was whether plaintiff's claim against defendant was for ordinary negligence or premises liability. At the time the trial court decided defendant's motion, if plaintiff's claim sounded only in premises liability, under *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001), overruled by *Kandil-Elsayed v F & E Oil, Inc*, ___ Mich ___; ___ NW2d ___ (2023) (Docket Nos. 162907 & 163430), defendant would not be liable for any injuries caused by an open and obvious condition of the premises. See *Lugo*, 464 Mich at 517 ("[T]he general rule is that a premises possessor is not required to protect an invitee from open and obvious dangers, but, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk.").

Plaintiff contends on appeal that the trial court erred because his claim was for ordinary negligence and not for premises liability. "Courts are not bound by the labels that parties attach to their claims." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691; 822 NW2d 254 (2012), lv den 493 Mich 901 (2012). When a claim is based on an injury resulting from the condition of the premises, "liability arises solely from the defendant's duty as an owner, possessor, or occupier of the land." *Id*. at 692. This is in contrast with an ordinary negligence claim, under which "every person who engages in the performance of an undertaking has an obligation to use due care or to act so as to not unreasonably endanger the person or property of another." *Janke v Allen*, 308 Mich App 472, 475; 865 NW2d 49 (2014), lv den 498 Mich 866 (2015).

A claim arises under premises liability, and not ordinary negligence, "even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Buhalis*, 296 Mich App at 692. In order to state a claim under ordinary negligence and premises liability, plaintiff is required to show his claim was "grounded on an independent theory of liability based on the defendant's conduct." *Pugno*, 326 Mich App at 15 (quotation marks and citation omitted).

In *Janke*, the plaintiff was injured while walking with the defendant on the defendant's property. *Janke*, 308 Mich App at 473. The defendant had been doing landscaping at his home, and plaintiff fell when her foot slipped where the defendant had removed some concrete pavers. *Id.* The trial court granted the defendant's motion for summary disposition on the basis that the plaintiff's complaint for negligence sounded in premises liability and was barred by the open and obvious doctrine. *Id.* at 474. Affirming the trial court, this Court reasoned:

> Here, plaintiff's injury occurred because of a condition on the land, the removed concrete pavers, rather than defendant's conduct. While defendant may have created the condition on the land, that does not transform the premises liability action into one alleging ordinary negligence. A plaintiff cannot avoid the open and obvious danger doctrine by claiming ordinary negligence, when the facts only support a premises liability claim, as they do here. Therefore, the action sounded in premises liability and not ordinary negligence, and the trial court did not err by granting defendant's motion for summary disposition because the open and obvious danger doctrine bars plaintiff's claim. Moreover, the trial court did not err by denying plaintiff the opportunity to amend her complaint, because the proposed amendment was just another futile attempt to classify this case as one of general negligence rather than one of premises liability. [*Id.* at 476.]

Plaintiff argues generally that defendant's *conduct* was the cause of his injuries, thus making the issue of premises liability irrelevant. The conduct at issue, however, was the manner in which defendant placed the arcade games in its establishment, which plaintiff claims was done in an unsafe manner. In other words, defendant's alleged conduct created the unsafe condition on the land, and the claim sounds in premises liability. See *id.* This case is in contrast with *Laier v Kitchen*, 266 Mich App 482; 702 NW2d 199 (2005), which plaintiff cites favorably, where this Court found the defendant's conduct supported a claim for ordinary negligence. In that case, the decedent and the defendant were repairing a tractor's hydraulic system when the tractor's bucket fell and killed the decedent. *Laier*, 266 Mich App at 495. In contrast with this case, however, in *Laier*, the defendant was actively controlling the tractor's bucket and "failed to secure the bucket in the raised position" after the decedent went underneath it. *Id.* Thus, it was the defendant's active conduct, apart from the condition of the land, that was the alleged cause of the decedent's death.

Plaintiff also argues in conclusory fashion that the boxing arcade game cannot be a condition of the land because it is not a "fixture." Plaintiff cites no authority to this Court that an item placed on property must be a fixture in order for premises liability to attach. By failing to cite any authority or provide any analysis, plaintiff has abandoned this argument on appeal. See *Traverse City Record-Eagle v Traverse City Area Pub Sch Bd of Educ*, 337 Mich App 281, 296; 975 NW2d 104 (2021) ("When a party fails to cite any supporting legal authority for its position, the issue is deemed abandoned") (quotation marks and citation omitted).

As in *Janke*, where the defendant's removal of paving stones created a risk of tripping and falling, defendant's alleged decision to place the arcade games in close proximity to one another was the act that caused plaintiff's injury. Accordingly, plaintiff's claim sounded in premises liability. However, as a result of the Michigan Supreme Court's decision in *Kandil-Elsayed*, which

was issued after the trial court entered its order granting defendant's motion, the trial court's decision to deny plaintiff the opportunity to amend his complaint was in error.

In *Kandil-Elsayed*, the Michigan Supreme Court recently reexamined the "appropriate legal framework to apply when an invitee is harmed by a condition on a land possessor's property." *Kandil-Elsayed*, ___ Mich at ___; slip op at 2. While the Court reaffirmed the proposition that land owners owe to invitees the "duty to exercise reasonable care to protect [them] from an unreasonable risk of harm caused by a dangerous condition of the land," *id*. at ___; slip op at 30 (quotation marks and citation omitted), the Court overruled *Lugo*[1] to the extent that the open and obvious doctrine had any bearing on the issue of the defendant's duty. *Id*. at ___; slip op. at 2. Rather than an aspect of duty, the doctrine's relevance, according to the Court, pertains to issues of breach:

> "[T]he open and obvious nature of a danger—i.e., whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection—is relevant to the defendant's breach and the plaintiff's comparative fault." *Id*. at ___; slip op. at 39-40 (quotation marks and citation omitted).

Thus, the fact that a condition on the land was open and obvious no longer cuts off liability for the land owner, rather it is a factor for the jury to decide when determining "whether reasonable care was employed." *Id*. at ___; slip op. at 41. In summarizing its holding, the Court stated:

> "[A] land possessor owes a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land. If the plaintiff establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty. . . . As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee. If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly. A determination of the plaintiff's comparative fault may also require consideration of the open and obvious nature of the hazard and the plaintiff's choice to confront it." *Id*. at ___; slip op. at 43-44.

When a trial court decides a motion under MCR 2.116(C)(8), "the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence before the court shows that amendment would not be justified." See also *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 216; 859 NW2d 238 (2014) (stating that "in ordinary cases, motions to amend are generally granted."). Because the trial court below addressed the motion for summary disposition under the *Lugo* framework, which has been overruled by *Kandil-Elsayed*, we remand the case to give plaintiff the opportunity to amend his complaint. Under *Kandil-Elsayed*,

---

[1] Under *Lugo*, the Michigan Supreme Court held that landowners did not have a *duty* to protect invitees from "open and obvious dangers." *Lugo*, 464 Mich at 516.

the question of whether the proximity of the arcade games was an open and obvious condition is no longer a question of law pertaining to duty, but rather a question of fact pertaining to breach. If the jury decides, for example, that the positioning of the arcade games was such that it was obvious an aggressive punch would cause injury, the jury may "consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly." *Id.* at ___; slip op. at 44. It is no longer the case, however, that the fact that a condition is open and obvious that a landowner is entitled to summary disposition on the issue of breach.

The trial court's order is affirmed but the case is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Neither party having prevailed in full, no costs are awarded. MCR 7.219(A).

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly