# STATE OF MICHIGAN

# COURT OF APPEALS

BONNIE JAHNKE,

        Plaintiff-Appellant,

v

DARRYL ALLEN,

        Defendant-Appellee.

FOR PUBLICATION
December 16, 2014
9:00 a.m.

No. 317625
Kent Circuit Court
LC No. 12-006116-NO

Before: MARKEY, P.J., and SAWYER and OWENS, JJ.

PER CURIAM.

Plaintiff appeals the May 24, 2013, order granting defendant's motion for summary disposition under MCR 2.116(C)(10) in this civil dispute involving plaintiff's fall and subsequent injury while walking arm-in-arm with defendant on defendant's property. We affirm.

Since April of 2009, plaintiff has resided with her fiancé, Randy Bates, in an adjacent mobile home to defendant, and defendant was plaintiff's landlord. Defendant and plaintiff were, and still are, good friends who socialize regularly. In June or early July of 2010, defendant began a landscaping project at his home with the help of plaintiff, Bates, and plaintiff's son. In early July 2010, plaintiff and defendant socialized on defendant's porch from where the construction was visible.

On July 17, 2010, plaintiff and defendant were socializing at plaintiff's home. At approximately 11:00-11:30 p.m., plaintiff was informed that defendant, who suffers from hydrocephalus, was having a dizzy spell. Plaintiff took defendant by the arm and walked arm-in-arm with him from plaintiff's garage toward defendant's garage. Bates walked behind plaintiff and defendant. As plaintiff and defendant rounded the corner of defendant's garage, plaintiff's right foot went off the edge of the concrete pavers, where some had been removed as part of the construction, and she fell. Plaintiff fell onto her right shoulder. Defendant fell on top of plaintiff because she pulled him down with her as she fell. The area where plaintiff fell was not lit by the mercury light on defendant's garage, the motion detector light above the garage door, nor ambient light.

Plaintiff brought an action against defendant alleging negligence. Defendant filed a motion for summary disposition asserting that plaintiff's claim was barred by the open and obvious doctrine because the case sounded in premises liability. The trial court granted

-1-

defendant's motion. This appeal followed. The primary issue on appeal is whether plaintiff's claim sounds in premises liability or in ordinary negligence.

This Court "review[s] de novo a trial court's ruling on a motion for summary disposition." *Watts v Mich Multi-King, Inc*, 291 Mich App 98, 102; 804 NW2d 569 (2010). "In considering a motion pursuant to MCR 2.116(C)(10), a court considers affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in a light most favorable to the nonmoving party." *Id.* "Where the proffered evidence fails to establish a genuine issue of material fact, the moving party is entitled to judgment as a matter of law." *Id.* "The trial court cannot grant the defendant's motion unless it is impossible to support the plaintiff's claim at trial because of some deficiency that cannot be overcome." *Lichon v American Universal Ins Co*, 435 Mich 408, 414; 459 NW2d 288 (1990).

"Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v Trinity Continuing Care Srvs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). Plaintiff asserts that the trial court's review of its complaint was flawed because the complaint stated "COUNT I - NEGLIGENCE" and not "Premises Liability". However, plaintiff's argument provides little guidance as to whether this is a premises liability claim or an ordinary negligence claim because "[i]t is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007). Additionally, "[c]ourts are not bound by the labels that parties attach to their claims." *Buhalis*, 296 Mich App at 691.

In a premises liability action, "liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Buhalis*, 296 Mich App at 692. "Terms such as 'premises possessor' and 'dangerous condition on the land' relate to the elements of a premises liability, rather than ordinary negligence, claim." *Wheeler v Central Mich Inns, Inc*, 292 Mich App 300, 304; 807 NW2d 909 (2011). The duty owed in a premises liability case is "the landowner simply owes the licensee a duty to warn of unreasonably dangerous conditions, when the licensee neither knows nor has reason to know of the condition and the risk involved." *Burnett v Bruner*, 247 Mich App 365, 372; 636 NW2d 773 (2001). Whereas, the duty owed in a general negligence claim is "every person who engages in the performance of an undertaking has an obligation to use due care or to act so as not to unreasonably endanger the person or property of another." *Schenk v Mercury Marine Div, Lowe Indus,* 155 Mich App 20, 25; 399 NW2d 428 (1986). Additionally, alleging that defendant created the condition "does not transform the claim into one for ordinary negligence." *Buhalis,* 296 Mich App at 692. An action in premises liability, however, "does not preclude a separate claim grounded on an independent theory of liability based on the defendant's conduct . . . ." *Laier v Kitchen*, 266 Mich App 482, 493; 702 NW2d 199 (2005).

Plaintiff argued to the trial court and on appeal that this case sounds in ordinary negligence and should not have been dismissed because defendant was negligent in how he escorted plaintiff across the property. We disagree. Here, plaintiff's injury occurred because of a condition on the land, the removed concrete paver, rather than the defendant's conduct. While defendant may have created the condition on the land, that does not transform the premises liability action into one of ordinary negligence. See *Buhalis,* 296 Mich App at 692. A plaintiff

cannot avoid the open and obvious danger doctrine by claiming ordinary negligence, when the facts only support a premises liability claim, as they do here. Therefore, the action sounded in premises liability and not ordinary negligence, and the trial court did not err in granting defendant's motion for summary disposition because the open and obvious doctrine bars plaintiff's claim. Moreover, the trial court did not err in denying plaintiff the opportunity to amend her complaint, as the proposed amendment was just another futile attempt to classify this case as one of general negligence rather than one of premises liability.

Affirmed. Defendant may tax costs.

/s/ Jane E. Markey
/s/ David H. Sawyer
/s/ Donald S. Owens