# STATE OF MICHIGAN

# COURT OF APPEALS

DAWN REIMER,

Plaintiff-Appellant,

v

REDCOAT TAVERN, INC.,

Defendant-Appellee.

UNPUBLISHED
July 24, 2018

No. 338117
Oakland Circuit Court
LC No. 2016-153324-NO

Before: SWARTZLE, P.J., and SHAPIRO and BOONSTRA, JJ.

PER CURIAM.

In this premises-liability action, plaintiff appeals as of right an order granting defendant's motion for summary disposition. We affirm.

## I. BACKGROUND

This action concerns a slip and fall that occurred behind defendant's restaurant. Plaintiff was delivering bags of coffee to the restaurant. Plaintiff parked her delivery van in a parking lot behind the restaurant and walked to the restaurant's back door, which was used for deliveries. An employee of the restaurant testified that he was power washing the parking lot with water and a liquid degreasing agent at the time. He claimed that he stopped power washing to greet plaintiff when she arrived to make the delivery, and plaintiff walked across the wet concrete and through the area that he had been cleaning. Plaintiff disputed that the employee was actively power washing the parking lot. With respect to the condition of the ground, plaintiff's testimony was inconsistent. She testified at one point that the ground looked "normal," but conceded at another point that she did "not remember what the ground looked like at all." On appeal, she asserts that the pavement was "wet, but otherwise normal."

Plaintiff entered the restaurant, made her delivery, and exited out the same door. Again, plaintiff walked through the wet area to return to her van, but this time she slipped and fell. Plaintiff testified that she noticed that the ground was covered in a "slimy substance," which was presumably the water and degreaser that the employee had been using to clean the concrete. Another employee helped plaintiff back into the restaurant and to the bathroom and helped her clean off her clothes. After cleaning her clothes, plaintiff exited the building—this time walking around the wet part of the concrete. According to plaintiff, the fall left her with a bruised

-1-

buttocks, a minor rash, and a rotator-cuff injury. The rash cleared up with ointment after a couple of days, but the rotator-cuff injury required surgery.

Plaintiff sued defendant alleging negligence and nuisance, and defendant moved for summary disposition under MCR 2.116(C)(10). The trial court concluded that plaintiff's claim was for premises liability, rather than ordinary negligence or nuisance. The trial court found that the wetness of the area where plaintiff fell would have been observable upon casual inspection and therefore concluded that the hazard was open and obvious. The trial court also found that the wet concrete was not effectively unavoidable or unreasonably dangerous. Accordingly, the trial court granted defendant's motion for summary disposition and dismissed plaintiff's complaint in its entirety.

This appeal followed.

## II. ANALYSIS

We review de novo the trial court's decision on a motion for summary disposition. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). Summary disposition is appropriate under MCR 2.116(C)(10) when, viewing the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Bank of America, NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 488; 892 NW2d 467 (2016).

*Premises Liability.* Plaintiff first argues that the trial court erred by finding that her complaint sounded in premises liability. "It is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007). This Court is not bound by the labels that the parties attached to their claims. *Jahnke v Allen*, 308 Mich App 472, 475; 865 NW2d 49 (2014).

"Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Lymon v Freedland*, 314 Mich App 746, 756; 887 NW2d 456 (2016) (internal quotation marks and citation omitted). "Ordinary negligence claims are grounded on the underlying premise that a person has a duty to conform his or her conduct to an applicable standard of care when undertaking an activity." *Id*. at 756. Comparatively, in a premises-liability claim, "liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). Therefore, if "the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Buhalis*, 296 Mich App at 692.

Here, plaintiff alleged that she was injured as a result of slipping and falling on the wet concrete outside the back door of defendant's restaurant. Her complaint states, in pertinent part:

Defendant breached its duties and was negligent in . . . the following ways:

a. Failing to act reasonably under the circumstances;

b. Allowing dangerous conditions, such as the grease and chemical degreaser in its parking lot and walkway, to remain in the parking lot and walkway which it new or had reason to know would be used by customers during business hours;

c. Failing to warn plaintiff and others similarly situated . . . of the presence and /or hazard created by the grease and chemical degreaser;

d. Failing to warn members of the public including Plaintiff with signs or effective means of such dangerous condition;

e. Failing to use ordinary care for plaintiff's safety; and

f. Failing to exercise reasonable care for plaintiff's safety under the circumstances.

Examining the complaint as a whole, it is clear that plaintiff alleged that she was injured by a dangerous condition on defendant's premises. Even though defendant purportedly created the dangerous condition, under our case law, the claim still sounds in premises liability rather than ordinary negligence. *Buhalis*, 29 Mich App at 692.

As for nuisance, we note that, although plaintiff claims in her framing of the issue on appeal that the trial court erred by categorizing her nuisance claim as premises liability, plaintiff fails to address this issue in the body of her brief. Rather, plaintiff's argument centers on her contention that her claim is for ordinary negligence. Plaintiff's failure to brief the nuisance issue is enough to dismiss it. A party may not simply "leave it up to this Court to discover and rationalize the basis for his claims or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (internal citation and quotation marks omitted). In any event, because a claim for nuisance rests upon an infringement into the plaintiff's property rights and privileges, as an invitee to defendant's restaurant, plaintiff cannot show an invasion of her property rights sufficient to sustain a nuisance claim. See *Capitol Properties Group, LLC v 1247 Center St, LLC*, 283 Mich App 422, 428-429; 770 NW2d 105 (2009). Therefore, the trial court's conclusion that plaintiff's claim sounded solely in premises liability was not error.

*Open-And-Obvious Hazard*. Plaintiff next argues that the trial court erred by finding that the condition of the wet concrete was open and obvious. "The starting point for any discussion of the rules governing premises liability law is establishing what duty a premises possessor owes to those who come onto his land." *Lymon*, 314 Mich App at 757 (internal citation and quotation marks omitted). Generally, a possessor of land owes an invitee a duty "to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Buhalis*, 296 Mich App at 693 (internal citation and quotation marks omitted). The premises possessor, however, is "not an absolute insurer of the safety of an invitee," and, accordingly, the premises possessor's "duty does not extend to open and obvious dangers." *Id*. (internal citations and quotation marks omitted). "The possessor of land owes no duty to protect or warn of dangers that are open and obvious because such dangers, by their nature, apprise an

invitee of the potential hazard." *Lymon*, 314 Mich App at 757-758 (internal citation and quotation marks omitted). "Whether a danger is open and obvious involves an objective inquiry to determine whether it is reasonable to expect that an average person with ordinary intelligence would have discovered the danger upon casual inspection." *Id*. at 758 (internal citation and notation omitted).

The open-and-obvious doctrine is predicated on the public policy that "people should take reasonable care for their own safety" and precludes any duty on the premises possessor to take extraordinary measures to keep people safe from reasonably anticipated risks. *Buhalis*, 296 Mich App at 693-694 (internal citation and quotation marks omitted). Thus, when "the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." *Id*. at 693 (internal citation and quotation marks omitted). The open-and-obvious doctrine is not an exception to the duty owed by a premises possessor, but an integral part of that duty, and its application is a question of law for the court to decide. *Id*.

On appeal, plaintiff does not challenge the trial court's conclusion that the presence of the water was open and obvious. Rather, plaintiff argues that the degreaser made the water more slippery and that, because the water concealed the degreaser, the combination of the water and degreaser was not an open-and-obvious hazard. We disagree. First, water is itself a slippery substance, especially when it is pooled on a hard surface such as concrete or asphalt. Second, water is a solvent and can dissolve and conceal other substances. Immediately outside the kitchen area of a restaurant, standing water will often contain dirt, debris, grease, and other impurities. This is particularly true during power washing, which, by its very nature, is designed to harness the power of pressurized water to clean surfaces of unwanted substances. It is undisputed that the watery mixture was created by the power-washing activity, and plaintiff's testimony on the condition of the ground is inconsistent, claiming at various times that it was "normal," that she did not remember, or now on appeal, that it was "wet." Given the location of the pooled water and plaintiff's concession that the area was indeed "wet," an average person of ordinary intelligence would reasonably be expected to assume that the water plaintiff walked through created a risk of slipping.[1] Accordingly, the trial court did not err in concluding that the hazard was open and obvious.

*Special Aspects*. The conclusion that a hazard was open and obvious, however, does not end this Court's inquiry into whether summary disposition was appropriate. Rather, summary disposition is appropriate when an open-and-obvious danger does not involve any "special

---

[1] The dissent asserts that it is "ridiculous" to suggest "that it is unreasonable to walk across a puddle of water on a flat concrete." This misstates our analysis and avoids the scientifically unassailable fact that pooled liquid water acts as a barrier between two hard surfaces (e.g., concrete and a shoe sole), reducing the friction between the two surfaces or, in layman's terms, making the interaction more slippery than in the absence of the pooled water, other things being equal.

aspects" that create an "unreasonable risk of harm." *Lymon*, 314 Mich App at 758 (internal citations and quotation marks omitted). "Two instances that can constitute special aspects include when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable* because these conditions give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided." *Id*. at 758-759 (internal citation and quotation marks omitted).

Plaintiff argues that summary disposition was inappropriate because, even if the hazard was open and obvious, it was unreasonably dangerous. A condition is unreasonably dangerous when it poses "an unreasonably high risk of severe harm." *Lugo v Ameritech Corp*, 464 Mich 512, 518; 629 NW2d 384 (2001). In these situations, an ordinary person would likely be capable of avoiding the danger, but the severity of the potential danger necessitates that reasonable warnings should be given or remedial measures should be taken. *Id*. The classic example of a hazard that is unreasonably dangerous is an unguarded thirty-foot pit. *Id*.

Despite the potential slipperiness of the wet concrete, plaintiff was not presented with a substantial risk of death or severe injury. Plaintiff's fall resulted in a minor rash that was treated with ointment, some bruising, and a shoulder injury. Unfortunately, plaintiff's bruising and shoulder injury are not uncommon to slip-and-fall cases. Although the rash may be unique to this case, it cleared up quickly with ointment, indicating that contact with the chemical did not present the risk of severe injury akin to falling in a thirty-foot pit. Therefore, the trial court properly concluded that the hazard was not unreasonably dangerous.

Plaintiff also argues that the wet concrete and degreaser were effectively unavoidable. A condition is effectively unavoidable when it is "unavoidable or inescapable . . . for all practical purposes." *Hoffner v Lanctoe*, 492 Mich 450, 468; 821 NW2d 88 (2012). "Accordingly, the standard for 'effective unavoidability' is that a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard." *Id*. at 468-469. In contrast, "situations in which a person has a choice whether to confront a hazard cannot truly be unavoidable, or even effectively so." *Id*. at 469.

In *Lugo*, 464 Mich at 518, the Supreme Court posited that "a commercial building with only one exit . . . where the floor is covered with standing water" would constitute an effectively unavoidable condition, because exiting the building would require an individual to walk through the standing water. Along the lines of this precedent, plaintiff argues that the standing water at issue here was effectively unavoidable because delivery drivers were only permitted to use the restaurant's back door to make deliveries. Nonetheless, plaintiff's testimony makes clear that, despite being required to use the back door, she still had a choice whether to confront or avoid the hazard. After plaintiff fell, she went inside and cleaned up. She then exited through the back door, walked around the water to avoid slipping a second time, and returned to her delivery van. There is no contention that the water had moved during the time plaintiff was cleaning herself up. Accordingly, there was no question of material fact that plaintiff could have simply walked around the water to avoid her fall. Because plaintiff chose to walk through the water upon her first exit, the hazard was not effectively unavoidable.

Therefore, because no special aspect to the open-and-obvious hazard existed, defendant was entitled to summary disposition under MCR 2.116(C)(10).

Affirmed.

/s/ Brock A. Swartzle
/s/ Mark T. Boonstra