*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CENTRAL HOME HEALTH CARE SERVICES, INC.,

Plaintiff-Appellant,

v

MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY and MICHIGAN ASSIGNED CLAIMS PLAN,

Defendants-Appellees,

and

UNNAMED SERVICING INSURER,

Defendant.

UNPUBLISHED
June 27, 2024

No. 364845
Oakland Circuit Court
LC No. 2022-196193-NF

Before: MARKEY, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

In this case arising under the no-fault act, MCL 500.3101 *et seq.*, plaintiff, Central Home Health Care Services, Inc. (CHHC), appeals by right the trial court's order granting summary disposition in favor of defendants, the Michigan Automobile Insurance Placement Facility (MAIPF) and the Michigan Assigned Claims Plan (MACP). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2020, Mylene Brevard, a Michigan resident, was injured in a motor vehicle accident in Ohio. Brevard was a passenger in the vehicle. At the time of the accident, Brevard did not have her own no-fault insurance policy and did not believe she was eligible for coverage under a relative's no-fault insurance policy. Plaintiff provided physical therapy services to Brevard for her injuries arising out of the accident, and Brevard assigned to plaintiff her right to recover

-1-

personal protection insurance (PIP) benefits for those services. Plaintiff then filed a three-count complaint seeking PIP benefits from defendants.

In lieu of answering plaintiff's complaint, the MAIPF moved for summary disposition under MCR 2.116(C)(10), arguing that, pursuant to MCL 500.3172(1), a passenger in a vehicle is entitled to PIP benefits through the MACP only when the accident giving rise to the claim occurred in the state of Michigan.[1] The MAIPF reasoned that plaintiff was therefore ineligible to recover PIP benefits on behalf of Brevard through the MACP because there was no genuine issue of material fact that the accident occurred in Ohio.[2]

Plaintiff filed a response and a countermotion for summary disposition pursuant to MCR 2.116(I)(2) (nonmoving party entitled to judgment as a matter of law). Plaintiff asserted that MCL 500.3172(1) was inapplicable because it applied only to accidents that occurred in Michigan; MCL 500.3111 and MCL 500.3114, however, applied, and they allowed uninsured Michigan residents who were involved in out-of-state car accidents to claim PIP benefits through the MACP. Accordingly, plaintiff maintained that it was entitled to recover PIP benefits on Brevard's behalf through the MACP.

Defendants replied, arguing that they, rather than plaintiff, were entitled to summary disposition on the basis of this Court's then-newly-released opinion, *Steanhouse v Mich Auto Ins Placement Facility*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 359576), vacated and remanded by 512 Mich 928; 994 NW2d 512 (2023) (*Steanhouse I*). In *Steanhouse I*, *id*. at ___; slip op at 3-4, this Court held that, under the plain language of MCL 500.3172(1), an uninsured Michigan resident may recover PIP benefits as a passenger only when the accident giving rise to the claim occurs in Michigan. This Court acknowledged that there was some tension between the language of MCL 500.3111 and MCL 500.3172(1) following the Legislature's 2019 amendments to the no-fault act, 2019 PA 21, but it reasoned that MCL 500.3111 merely addressed who may recover PIP benefits for an out-of-state accident while MCL 500.3172(1) set forth the requirements for eligibility to claim PIP benefits through the MACP. *Id*. at 4-5. This Court further reasoned that, as the more specific statute, MCL 500.3172(1) controlled, and the eligibility requirement that the injury must have occurred "in this state" therefore meant that a claimant who suffered injuries during an out-of-state car accident was not eligible to receive PIP benefits through the MACP. *Id*. Because it was undisputed that the plaintiff's injuries arose from an out-of-state car accident, this Court concluded that the plaintiff was not entitled to benefits through the MACP and reversed the trial court's order denying the defendants' motion for summary disposition. *Id*. at 6.

At the hearing on the parties' motions for summary disposition in this case, the trial court determined that it was bound by *Steanhouse I* to grant summary disposition in favor of defendants.

---

[1] The MACP did not file its own motion for summary disposition, but it later concurred in the MAIPF's motion for summary disposition and filed a joint reply brief with the MAIPF in support of the motion.

[2] At the time, neither this Court nor our Supreme Court had addressed whether an uninsured passenger involved in an out-of-state accident could claim PIP benefits through the MACP under the current version of the no-fault act.

Plaintiff conceded this point but argued that *Steanhouse I* was wrongly decided and announced that it would appeal the trial court's decision. The trial court entered an order granting summary disposition in favor of defendants but did not specifically rule on plaintiff's countermotion for summary disposition. Plaintiff appealed by right the trial court's order.

While the appeal in this case was pending, our Supreme Court vacated this Court's decision in *Steanhouse I* and remanded for reconsideration to "address the impact, if any, of MCL 500.3114 on whether the plaintiff is eligible to claim benefits through the [MACP]." *Steanhouse v Mich Auto Ins Placement Facility*, 512 Mich 928; 994 NW2d 512 (2023) (*Steanhouse II*). This matter was placed in abeyance pending a decision on remand in *Steanhouse v Michigan Auto Ins Placement Facility (On Remand)*, ___ Mich App ___; ___ NW2d ___ (Docket No. 359576) (*Steanhouse III*).[3]

This Court issued its decision in *Steanhouse III* on April 11, 2024, holding that "MCL 500.3114 [did] not impact Steanhouse's eligibility to claim benefits through the MACP" and reaffirming that MCL 500.3172(1) controlled the issue and "require[d] an individual claiming PIP benefits through the MACP to show that the accident giving rise to the claim occurred in Michigan." *Id*. at ___; slip op at 1, 9. In doing so, this Court relied on the same core reasoning as it had in *Steanhouse I*:

> As noted, relying on the "in this state" phrase, we previously held that MCL 500.3172(1) "requires a claimant seeking benefits through the MACP to show that the accident giving rise to the claim occurred in Michigan." *Steanhouse I*, ___ Mich App at ___; slip op at 6 . . . .
>
> Steanhouse challenges this interpretation, arguing that MCL 500.3172(1) has no application to out-of-state accidents; if the accident occurs out of state, MCL 500.3111 and MCL 500.3114(4) control entitlement to benefits through the MACP. We disagree and reaffirm our prior interpretation. Under MCL 500.3172(1), a claimant is ineligible for PIP benefits through the MACP when the claimant's injury arises from an out-of-state accident . . . .
>
> * * *
>
> We do not believe that the Legislature intended for the MACP to provide PIP coverage in cases like Steanhouse's without any accompanying language in MCL 500.3171 through MCL 500.3175 about the requirements of filing a claim for benefits for an out-of-state accident. Steanhouse's interpretation ignores the unambiguous language of MCL 500.3114(4)—a qualifying individual who is not covered under a no-fault policy shall claim PIP benefits under the MACP "under sections 3171 to 3175"—by suggesting that an individual can claim benefits through the MACP without looking to the statutory provisions expressly referenced in the priority scheme. Under the priority statute, one must look to MCL 500.3171

---

[3] *Central Home Health Care Servs v MAIPF*, unpublished order of the Court of Appeals, entered December 11, 2023 (Docket No. 364845).

through MCL 500.3175 to determine whether a claimant is eligible for benefits through the MACP. In this case, looking to MCL 500.3172(1), Steanhouse is ineligible for PIP benefits because his injury stems from an out-of-state accident . . . . [*Id*. at 5-6.]

Abeyance in this case concluded immediately after this Court released its decision in *Steanhouse III*. We now consider plaintiff's appeal.

## II. STANDARD OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "We review a motion brought under MCR 2.116(C)(10) by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018) (quotation marks, citation, and alteration omitted). "Where the proffered evidence fails to establish a genuine issue of material fact, the moving party is entitled to judgment as a matter of law." *Jahnke v Allen*, 308 Mich App 472, 474; 865 NW2d 49 (2014) (quotation marks and citation omitted).

## III. DISCUSSION

Plaintiff argues on appeal that the Legislature, through its 2019 amendments to the no-fault act, 2019 PA 21, intended for Michigan residents who are injured as passengers in an out-of-state car accident to be able to claim PIP benefits through the MACP. According to plaintiff, MCL 500.3111 and MCL 500.3114(4) create a separate path to PIP-benefit eligibility through the MACP for out-of-state accidents irrespective of the language contained in MCL 500.3172(1) because MCL 500.3172(1) only applies to in-state accidents. Plaintiff argues that defendants were therefore not entitled to summary disposition in this case. This Court squarely addressed and rejected this same argument in *Steanhouse III*, ___ Mich App at ___; slip op at 5-6, 9. *Steanhouse III* is a precedentially binding case, and it controls our disposition here. MCR 7.215(C)(2), (J)(1). Accordingly, we conclude that defendants were entitled to summary disposition, and the trial court did not err by granting summary disposition in defendants' favor.[4]

---

[4] In light of our disposition, we need not address plaintiff's argument that the trial court erred when it did not grant its countermotion for summary disposition.

Affirmed.

/s/ Jane E. Markey
/s/ Brock A. Swartzle
/s/ Philip P. Mariani