*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ERIC HEILMAN,

       Plaintiff-Appellant,

v

STEVEN SMITH, SANDRA HARTING, and NEPA PAINTING AND DECORATING,

       Defendants-Appellees.

UNPUBLISHED
August 8, 2024

No. 363799
Macomb Circuit Court
LC No. 2021-003413-NO

Before: BOONSTRA, P.J., and CAVANAGH and PATEL, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendants Steven Smith and Sandra Harting (the "homeowner defendants"), and Nepa Painting & Decorating ("Nepa P & D"), pursuant to MCR 2.116(C)(10), and thereby dismissing plaintiff's claims for premises liability, negligence, and various statutory violations. We affirm.

This case arises out of injuries plaintiff sustained after his ladder slid out from under him as he was painting the homeowner defendants' home. At the time, plaintiff was working as an independent contractor for Nepa P & D. Plaintiff claimed that the ladder slipped on a puddle of grease and water left behind when plaintiff and Joe Nepa, the owner of Nepa P & D, moved the homeowner defendants' barbeque grill in order to paint in the area where the grill was sitting. As relevant to this appeal, plaintiff asserted claims for negligence, premises liability, and respondeat superior by Nepa P & D.[1] The trial court dismissed plaintiff's claims against the homeowner defendants for failure to establish a genuine issue of material fact regarding whether they had actual or constructive notice of the allegedly hazardous condition, and it dismissed plaintiff's claims against Nepa P & D for failure to establish that it was responsible for the allegedly hazardous condition. Plaintiff now appeals.

---

[1] Plaintiff also asserted several statutory violations, but plaintiff does not challenge the dismissal of his statutory claims on appeal.

## I. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Defendants moved for summary disposition under MCR 2.116(C)(10). In *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; 1 NW3d 44 (2023), our Supreme Court explained:

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of a complaint. A trial court considers affidavits, pleadings, depositions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion. A court's role at the summary disposition stage is narrow; in its review of the evidence, the court cannot make findings of fact. Only where the proffered evidence fails to establish a genuine issue regarding any material fact is the moving party entitled to a judgment as a matter of law. There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party. [*Id*. at 109-110 (quotation marks, alterations, and citations omitted).]

A "mere possibility" or "mere promise" that the claim will be supported by evidence produced at trial is insufficient to survive a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999).

## II. PREMISES LIABILITY

A claim based on premises liability "require[s] a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Kandil-Elsayed*, 512 Mich at 110. In a premises liability case, "a landowner's duty to a visitor depends on that visitor's status" as an invitee, a licensee, or a trespasser. *Id*. at 111 (quotation marks and citation omitted). The parties in this case agree that plaintiff was an invitee, which is defined as "a person who enters upon the land of another upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make it safe for the invitee's reception." *Id*. (quotation marks, alterations, and citations omitted). Invitee status is extended to "persons entered upon the property of another for business purposes." *Id*. (quotation marks and citation omitted). As an invitee, the homeowner defendants owed plaintiff "a duty to exercise reasonable care to protect [plaintiff] from an unreasonable risk of harm caused by a dangerous condition of the land." *Id*. at 112 (quotation marks and citation omitted; alteration added).

A premises owner breaches its duty to an invitee "when it knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016) (quotation marks and citation omitted). Summary disposition is appropriate if there is no question of material fact that the premises owner lacked actual or constructive notice of the dangerous condition. *Id*. In the instant case, the trial court dismissed plaintiff's premises liability claim on the basis that homeowner defendants lacked actual or constructive notice of the allegedly dangerous condition.

The allegedly dangerous condition in this case is the presence of a watery and greasy substance on the homeowner defendants' patio. Thus, to avoid summary disposition, plaintiff was required to set forth specific facts establishing a genuine issue of material fact, *Maiden*, 461 Mich at 120, that the homeowner defendants knew about the watery and greasy substance on the patio or should have known about the substance because of its character or because of the duration of its presence. *Lowrey*, 500 Mich at 11. With regard to actual notice, plaintiff testified that he thoroughly checked the area where he planned to place the ladder before he set the ladder on the patio. Plaintiff testified that he did not observe anything on the patio that would have prevented him from placing the ladder there. Plaintiff did not present any testimony from the homeowner defendants or Joe Nepa regarding their observations or knowledge of the area. Therefore, plaintiff failed to establish a genuine issue of material fact regarding whether the homeowner defendants had actual knowledge of the hazardous condition that allegedly caused plaintiff's fall. See *id.*

Regarding constructive notice, plaintiff alleged in his complaint that he fell "due to a slippery, transparent liquid substance that had been allowed to accumulate on the ground for an unreasonable length of time, which blended with the color and contour of the ground." Plaintiff testified that he inspected the area where he planned to place the ladder and did not observe anything that would cause the ladder to fall. Plaintiff indicated that because he planned to climb to almost the top of the ladder, he thoroughly inspected the area. Before painting, plaintiff and Joe Nepa moved the barbeque grill from its original position on the patio next to the house to the ground level below the patio. Joe Nepa stood and painted in the area where the barbeque grill had previously stood. Plaintiff specifically testified that he "didn't place my ladder right where the barbeque grill was at, but generally in that area, because [Joe Nepa] was standing there." When plaintiff walked through the area, he did not have any problems walking and he did not notice anything that appeared to be slippery. The following exchange occurred during plaintiff's deposition regarding plaintiff's knowledge of the cause of his fall:

> *Q.* Do you know what caused the ladder to fall?
>
> *A.* Not at that instant.
>
> * * *
>
> *Q.* Did you come to have an opinion as to what caused the ladder to fall?
>
> *A.* Yes. Grease and water.
>
> *Q.* Grease and water?
>
> *A.* It seemed like something slippery. Because my hand was soaked and slippery, so I couldn't push myself off the ladder.
>
> *Q.* Do you have any idea where this grease and water came from?
>
> *A.* I don't know.
>
> *Q.* I am just trying to figure it out. You don't know.

*A.* It could only come from one place, and that would be the barbeque.

*Q.* I am assuming when you set the ladder up, that you did not see any grease or water, correct?

*A.* I didn't, yes.

*Q.* So would it be fair to say that whatever grease and water caused this ladder to fall was not there when you inspected to put the ladder up?

*A.* Not that I seen [sic]. I wouldn't know.

* * *

*Q.* Did you actually see grease and water?

*A.* I didn't see anything at that point, except for my leg hanging.

*Q.* Did you feel something liquid?

*A.* My hand was pretty much slippery then. But then I was in intense pain.

*Q.* Would I be correct that had you seen grease and water in the area, you would not have placed the ladder there?

*A.* Exactly. Yes.

*Q.* Do you have any idea how long the grease and water had been there at that spot?

*A.* I would have no clue.

* * *

*Q.* When you put the ladder up, you looked at that area, correct?

*A.* Yes.

*Q.* And you did not see any grease or water, correct?

*A.* Correct. I wouldn't have placed the ladder, if I seen [sic] anything like that.

Plaintiff testified that that, after the fall, his hand was wet and greasy, but he had no idea what the substance was. Plaintiff also testified that he felt something wet on the patio step on his way down during the fall.

Plaintiff's deposition testimony was the only evidence he presented in response to the homeowner defendants' motion for summary disposition. Plaintiff's testimony failed to establish a genuine issue of material fact regarding constructive notice, i.e., "that the hazard was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have discovered it." *Lowrey*, 500 Mich at 11-12. Plaintiff carefully inspected the area where he planned to place the ladder before he set it up. Plaintiff did not notice anything that he considered dangerous or an impediment to the safe placement of his ladder. Plaintiff did not present any evidence regarding when the condition arose, or any evidence about the character of the condition to support an inference that it must have existed for any length of time. Indeed, plaintiff never actually saw the allegedly dangerous condition on the patio where he placed his ladder, despite that he inspected the area before placing the ladder. Plaintiff assumed that there was a mixture of grease and water on the patio because when he began to pick himself up after the fall, he realized that his hand was wet and slipped off the ladder when he tried to push himself up. However, plaintiff also testified that he did not know what the substance on his hand was after the fall. Plaintiff did not present any photos of the hazardous condition, or any affidavit or testimony from Joe Nepa, who was also present, regarding the hazardous condition. Plaintiff also did not present any evidence that anyone else observed the dangerous condition that allegedly caused the ladder to slip off the patio. Moreover, although plaintiff believed that the watery and greasy substance came from the grill, he specifically testified that he did not place the ladder in the same spot where the grill had been standing before he and Joe Nepa moved it. Plaintiff testified that Joe Nepa stood in the spot where the barbeque grill had been.

In *Lowrey*, the Supreme Court held that a similar lack of evidence failed to establish a defendant's constructive notice of a hazardous condition. *Id.* at 11-12. The plaintiff fell on the stairs at a diner and alleged that she had slipped on a wet step. *Id*. at 4. The plaintiff acknowledged that she did not see any water on the stairs, but assumed that the stairs were wet because her backside was wet when she landed. *Id*. The plaintiff did not present any evidence concerning the character of the condition, and the "plaintiff's assumption that the stairs must have been wet because her pants were wet after her fall [did] not support any particular conclusion concerning the character of the condition." *Id*. at 12. Likewise, in the instant case, plaintiff failed to present any evidence to establish a question of fact concerning the homeowner defendants' constructive notice of a hazardous condition. His assumption that there was a slippery substance on the patio because his hand was slippery after the fall does not support any conclusion that the substance was of such a character or existed for a sufficient time that the homeowner defendants should have discovered it, particularly considering plaintiff's testimony that he carefully inspected the area and that Joe Nepa actually stood in the area where the barbeque grill had been standing. Accordingly, the trial court did not err by concluding that the homeowner defendants were entitled to summary disposition on plaintiff's premises liability claim because plaintiff failed to present sufficient evidence to demonstrate a question of fact regarding the homeowner defendants' actual or constructive notice of the hazardous condition.

Plaintiff also asserts that the homeowner defendants cannot avoid liability on the basis of the open-and-obvious doctrine because the allegedly hazardous condition was not open and obvious, and even if it was, it was unavoidable. After the trial court decided this matter, our Supreme Court revisited this doctrine in *Kandil-Elsayed* and held that the open and obvious nature of a hazardous condition on property does not absolve a property owner from the duty owed to an

invitee. *Kandil-Elsayed*, 512 Mich at 144. Rather, the open and obvious nature of a hazardous condition on property is relevant to whether a property owner *breached* a duty to an invitee—not whether it owed a duty to the injured party, and to an injured party's comparative fault. *Id.* Regardless, the trial court did not grant summary disposition for any party on the basis of the open-and-obvious doctrine, but rather determined that the homeowner defendants were entitled to summary disposition because they did not have actual or constructive notice of the allegedly hazardous condition, which is an independent requirement to the imposition of liability in a premises liability action. *Lowrey*, 500 Mich at 10. Whether the allegedly hazardous condition was open and obvious has no relevance to the disposition of this appeal.

## III. ORDINARY NEGLIGENCE

Plaintiff also argues that the trial court erred by dismissing his claim of ordinary negligence, which was based on his allegation that the homeowner defendants negligently caused the dangerous condition that caused his ladder to fall. We disagree.

"Courts are not bound by the labels that parties attach to their claims." *Jahnke v Allen*, 308 Mich App 472, 474; 865 NW2d 49 (2014) (quotation marks, alteration, and citation omitted). In general, courts determine the nature of a claim by reading the complaint as a whole. *Id.* (citation omitted) "Michigan law distinguishes between a claim of ordinary negligence and a claim premised on a condition of the land." *Jeffrey-Moise v Williamsburg Town Houses Coop, Inc*, 336 Mich App 616, 625; 971 NW2d 716 (2021). When the plaintiff alleges that his injuries arose from a dangerous condition on the land, his claim is one of premises liability, and not one of ordinary negligence. *Id.*

A review of plaintiff's complaint reveals that his claims are for premises liability. Plaintiff alleged that his injuries were caused by an allegedly dangerous condition of the land, namely, the presence of a slippery substance on the homeowner defendants' patio, which caused the ladder on which plaintiff was standing to slip and fall to the ground. The only conduct that plaintiff identifies in support of his argument that the homeowner defendants may be liable for ordinary negligence is that they "allow[ed] grease to accumulate on their porch." This clearly involves an allegedly dangerous condition on the land. Plaintiff's claim that the dangerous condition was created by the homeowner defendants' action, or their failure to act, does not transform plaintiff's claims into ones for ordinary negligence. See *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012), overruled in part on other grounds *Kandil-Elsayed*, 512 Mich at 143-144 ("If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury."). Therefore, the trial court properly treated plaintiff's claims as ones for premises liability and dismissed any claims that sounded in ordinary negligence.

## IV. NEPA P & D'S LIABILITY

On appeal, plaintiff argues that Nepa P & D may not rely on the rule that a general contractor is not ordinarily liable for a subcontractor's negligence, see *Hughes v PMG Bldg, Inc*, 227 Mich App 1, 5; 574 NW2d 691 (1997), because Nepa P & D agreed that it was not a general contractor. However, plaintiff does not attempt to argue any theory of Nepa P & D's liability

based on a contractor status. Rather, plaintiff faults the trial court for not addressing whether Nepa P & D had temporary possession of the premises to subject it to liability under a premises liability theory.

In Nepa P & D's motion for summary disposition, it argued in part that it did not owe plaintiff a duty because it did not own, lease, or possess the property where plaintiff was injured. Despite alleging in his complaint that Nepa P & D had possession and control over the premises where the incident occurred, plaintiff did not argue in his response to Nepa P & D's motion, or present any evidence, that Nepa P & D had possession and control over the premises. Thus, plaintiff failed to establish a genuine issue of material fact regarding whether Nepa P & D had the necessary possession and control over the property to impose liability for a defective condition on the premises.

Plaintiff additionally argues on appeal that, regardless of whether Nepa P & D was a contractor, it owed plaintiff a common-law duty to perform its work in a nonnegligent manner, citing *Johnson v A & M Custom Built Homes of West Bloomfield, LPC*, 261 Mich App 719, 722; 683 NW2d 229 (2004) (holding that: "[N]othing in our state's jurisprudence absolves a subcontractor—or anyone on a construction job—of liability under the common-law theory of active negligence."). However, plaintiff does not identify any facts to support a finding that Nepa P & D was actively negligent. Although plaintiff testified that Joe Nepa assisted him in moving the barbeque grill, plaintiff conceded at the hearing on defendants' motions that "[t]his isn't something that happened when my client moved the grill." Plaintiff does not otherwise explain how Nepa P & D was actively negligent. Accordingly, the trial court did not err by dismissing plaintiff's claims against Nepa P & D.

Affirmed.


/s/ Mark T. Boonstra
/s/ Mark J. Cavanagh
/s/ Sima G. Patel

-7-