*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEBORAH JACOBS,

UNPUBLISHED
November 25, 2024
3:30 PM

Plaintiff-Appellee,

v

No. 368649
Wayne Circuit Court
LC No. 22-012492-NO

TRUMAN VILLAGE, LLC,

Defendant-Appellant.

Before: FEENEY, P.J., and O'BRIEN and WALLACE, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying its motion for summary disposition under MCR 2.116(C)(10). We reverse and remand to the trial court with instructions to enter an order of summary disposition in favor of defendant.

## I. BACKGROUND

This action arose after plaintiff tripped and fell on a sidewalk in an apartment complex owned by defendant. Plaintiff was defendant's tenant for 15 years. One evening, after returning home, plaintiff tripped and fell on an elevated sidewalk joint while walking from the parking lot to her apartment, injuring her right leg. At her deposition, plaintiff identified the following photograph as showing what caused her fall:[2]

---

[1] *Jacobs v Truman Village LLC*, unpublished order of the Court of Appeals, entered January 10, 2024 (Docket No. 368649).

[2] Multiple photographs of various areas of broken concrete are included in the lower court record, but at plaintiff's deposition, she went through the photos and explained that only Exhibit 3 showed what caused her fall, while the other photos showed other areas of concrete, none of which caused her fall. The photo included in this opinion was the one marked as Exhibit 3.



Plaintiff's complaint, while not a model of clarity, alleged that defendant breached its statutory duties under MCL 554.139, violated the Housing Law of Michigan (HLM), MCL 125.401 *et seq*, and was liable for plaintiff's injuries under the theories of premises liability and ordinary negligence. Defendant moved for summary disposition on all counts and asked the trial court to dismiss plaintiff's complaint. The trial court denied defendant's motion, reasoning that genuine issues of material fact existed for all of plaintiff's claims. This appeal followed.

---

The dissent includes a different photo of a sidewalk, and opines that its photo "appears to be the same sidewalk" depicted in Exhibit 3. Respectfully, the dissent's opinion of what its photo depicts is not evidence, and no witness ever identified the dissent's photo as depicting the hazard that caused plaintiff to fall. The dissent's photo first appears in the record attached to plaintiff's response to defendant's motion for summary disposition, and as plaintiff's counsel conceded at oral arguments, there is no affidavit or testimony suggesting that the dissent's photo depicts the sidewalk that caused plaintiff to fall. In contrast, at her deposition, plaintiff identified the photo in this opinion, and only the photo in this opinion, as showing the sidewalk that caused her fall.

To be clear, the problem with the dissent's photo is not that it was first presented after plaintiff's deposition but that there is no evidence establishing that the dissent's photo depicts the sidewalk that caused plaintiff to fall. The dissent believes that any argument that its photo may not depict the sidewalk that caused plaintiff to fall is abandoned, but this is incorrect. Defendant argued in the trial court that the only photo depicting the cause of plaintiff's fall is the one included in this opinion, and that none of the other photos of sidewalks in the record depict the cause of plaintiff's fall. Defendant continues to make this argument on appeal, so it is not abandoned.

## II. STANDARD OF REVIEW

This Court reviews de novo motions for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Defendant's motion for summary disposition was brought under MCR 2.116(C)(10). As our Supreme Court has explained:

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. [*Maiden*, 461 Mich at 120.]

"Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id.* "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "Questions of statutory interpretation, construction, and application are reviewed de novo." *Johnson v Johnson*, 329 Mich App 110, 118; 940 NW2d 807 (2019).

## III. MCL 554.139

Defendant first argues that the trial court erred when it found a genuine issue of material fact regarding whether defendant breached its statutory duties under MCL 554.139. We agree.

"To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000) (footnote omitted). The Legislature can create a duty by statute. *Randall v Mich High Sch Athletic Ass'n*, 334 Mich App 697, 720; 965 NW2d 690 (2020). One such example is MCL 554.139(1), which creates certain duties a landlord owes its tenants. See, e.g., *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275, 292; 933 NW2d 732 (2019) (recognizing that MCL 554.139(1) creates a duty by stating that "the next question is whether [the landlord] breached its duty under MCL 554.139(1)(a)"). MCL 554.139(1) states:

> In every lease or license of residential premises, the lessor or licensor covenants:
>
> (a) That the premises and all common areas are fit for the use intended by the parties.
>
> (b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants wilful or irresponsible conduct or lack of conduct.

It is unclear from the contents of plaintiff's complaint whether she alleged a violation of both subsections of MCL 554.139(1) or only Subsection (1)(a), but for thoroughness, this opinion assumes that plaintiff's complaint alleged a violation of both subsections.

## A. SUBSECTION (1)(A)

MCL 554.139(1)(a) only requires lessors to maintain common areas in a condition fit for their intended use, not "in an ideal condition or even in the most accessible condition possible." *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 637; 971 NW2d 716 (2021). It is well-established that a sidewalk in an apartment complex is a common area under MCL 554.139(1)(a). See *Allison v AEW Capital Mgmt*, 481 Mich 419, 428; 751 NW2d 8 (2008); *Estate of Trueblood*, 327 Mich App at 290. The remaining question is whether there was a genuine issue of material fact whether the sidewalk that caused plaintiff to fall was unfit for its intended use. There was not.

The intended use of a sidewalk is "walking on it." *Estate of Trueblood*, 327 Mich App at 290 (quotation marks and citation omitted). In *Estate of Trueblood*, this Court held that a sidewalk completely covered in ice is not fit for its intended use because "anyone walking on a sidewalk completely covered in ice would be forced to walk on ice," and "ice is slippery and not easy to walk on." *Id*. at 291-292. In contrast, this Court in *Jeffrey-Moise*, 336 Mich App 637-638, held that evidence of "patches of ice" on a sidewalk did not create a question of fact whether the sidewalk was unfit for its intended use because this "at most indicated inconvenience of access or that the sidewalk was not in peak condition." *Jeffrey-Moise* cited this proposition to *Allison*, where our Supreme Court addressed whether the accumulation of snow and ice in a parking lot rendered the parking lot unfit for its intended use. The *Allison* Court explained that a parking lot was generally considered fit for its intended use so "long as the tenants [were] able to park their vehicles in the lot and have reasonable access to their vehicles," and it held that the accumulation of snow and ice in the parking lot did not render the lot unfit for this intended use if the snow and ice presented nothing more than a "[m]ere inconvenience of access." *Allison*, 481 Mich at 429-430.

The uneven sidewalk joint in this case is more akin to the patches of ice on the sidewalk in *Jeffrey-Moise* and the snow and ice in the parking lot of *Allison* than the sidewalk completely covered in ice in *Estate of Trueblood*. Indeed, slight lips at sidewalks joints are exceedingly common and arguably expected. While an ideal sidewalk would be perfectly level at all its joints, that is not the condition that MCL 554.139(1)(a) requires. See *Jeffrey-Moise*, 336 Mich App at 637. A slight lip at a sidewalk joint like the one at issue here does not create a question of fact whether the sidewalk was fit for being walked on. A slight lip at a sidewalk joint, at most, presents a mere inconvenience, which is insufficient to establish a question of fact whether the sidewalk was fit for its intended use. *Id*. at 638; *Allison*, 481 Mich at 430.

## B. SUBSECTION (1)(B)

Turning to Subsection (1)(b), our Supreme Court has held that, unlike Subsection (1)(a), Subsection (1)(b) applies only to "the premises," not "common areas." *Id*. at 432. Because a sidewalk is a common area, *Estate of Trueblood*, 327 Mich App at 290, defendant did not have a

duty under MCL 554.139(1)(b) to keep the the sidewalk in reasonable repair. As a result, the trial court erred when it denied defendant's motion for summary disposition related to this subsection.

## IV. NEGLIGENCE

Next, defendant argues that the trial court erred when it denied defendant's motion for summary disposition regarding plaintiff's negligence claims sounding in either or both of ordinary negligence and premises liability. We agree.

It is unclear from plaintiff's complaint whether she intended to allege a single claim sounding in premises liability or multiple claims sounding in premises liability and ordinary negligence, so that is the first issue we must address. "It is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007). "Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Jahnke v Allen*, 308 Mich App 472, 474; 865 NW2d 49 (2014) (quotation marks and citation omitted). Specifically:

> If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury. However, an ordinary-negligence claim may be brought for the overt acts of a premises owner on his or her premises. [*Nathan, Trustee of Estate of Charles v David Leader Mgmt, Inc*, 342 Mich App 507, 512; 995 NW2d 567 (2022) (citations and quotation marks omitted).]

Reading plaintiff's complaint as a whole, it is clear that plaintiff alleged a single claim sounding in premises liability because plaintiff solely claims that she was injured by "a condition of the land"—the sidewalk lip. *Jahnke*, 308 Mich App at 474. Nothing in plaintiff's complaint suggests that her claim is being brought for overt acts by defendant on its premises. See *Nathan, Trustee of Estate of Charles*, 342 Mich App at 512.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Estate of Trueblood*, 327 Mich App at 285 (quotation marks and citation omitted). Because plaintiff was defendant's tenant, she was defendant's invitee, see *id.*, and defendant owed "a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). Consistent with this duty, defendant was required to "exercise due care to keep the halls, stairs, passageways, and like appurtenances reasonably safe for" plaintiff and defendant's other invitees. *Gabrielson v The Woods Condo Ass'n, Inc*, ___ Mich App ___, ___; ___NW3d ___ (2024) (Docket Nos. 364809 and 364813); slip op at 9 (quotation marks and citation omitted).

The record does not support plaintiff's argument that the sidewalk lip posed an unreasonable risk of harm caused by a dangerous condition of the land. It is undisputed that the

sidewalk was slightly elevated at the control joint, but "[p]erfection is neither practicable nor required by the law," and courts cannot impose a requirement on a landowner "to make ordinary [conditions] foolproof." *Hoffner*, 492 Mich at 460 (quotation marks and citation omitted; second alteration in original). Imperfections in land exist everywhere. For example, in *Bertrand v Alan Ford, Inc*, 449 Mich 606; 537 NW2d 185 (1995) our Supreme Court considered whether steps posed a risk. *Bertrand* held that "because steps are the type of everyday occurrence that people encounter, under most circumstances, a reasonably prudent person will look where he is going, will observe the steps, and will take appropriate care for his own safety." *Id*. at 617. It added that only "where there is something unusual about the steps, because of their character, location, or surrounding circumstances" does the landowner have a duty "to exercise reasonable care." *Id*. (quotation marks and citation omitted). Like with steps, there is nothing unusual about an imperfect sidewalk joint forming a slight lip. "Perfection is neither practicable nor required by the law," and the lip in the sidewalk here was not an unusual occurrence rising to the level of a dangerous condition on the land. *Hoffner*, 492 Mich at 460. See also *Bertrand*, 449 Mich at 617. There is accordingly no genuine issue of material fact whether defendant breached its duty to plaintiff under a theory of premises liability, and the trial court erred when it denied defendant's motion for summary disposition in this respect.

## V. HOUSING LAW OF MICHIGAN

Lastly, defendant argues that the trial court erred when it denied defendant's motion for summary disposition because there was no genuine issue of material fact whether defendant violated the HLM. We agree.

In her complaint, plaintiff alleged that defendant violated MCL 125.536(1), which states:

> When the owner of a dwelling regulated by this act permits unsafe, unsanitary or unhealthful conditions to exist unabated in any portion of the dwelling, whether a portion designated for the exclusive use and occupation of residents or a part of the common areas, where such condition exists in violation of this act, any occupant, after notice to the owner and a failure thereafter to make the necessary corrections, shall have an action against the owner for such damages he has actually suffered as a consequence of the condition. When the condition is a continuing interference with the use and occupation of the premises, the occupant shall also have injunctive and other relief appropriate to the abatement of the condition.

Plaintiff argued that defendant violated the HLM "by permitting unsafe conditions to exist unabated on the premises." A threshold question when applying the HLM is whether the "owner of a dwelling [is] regulated by this act . . . ." MCL 125.536(1). MCL 125.401(2) provides when the HLM is applicable:

> This act applies to each city, village, and township that, according to the last regular or special federal census, has a population of 10,000 or more. However, this act does not apply to private dwellings and 2-family dwellings in any city, village, or township having a population of less than 100,000 unless the legislative

body of the local governmental unit adopts the provisions by resolution passed by a majority vote of its members.

MCL 125.401(2) thus makes plain that the HLM only applies to owners in municipalities with a population of 10,000 or more.

Defendant argues that the HLM does not apply to this matter because Rockwood, where defendant's apartments are located, has a population less than 10,000. This is correct. Rockwood has a population of 3,240 according to the United States Census.[3] In *LeRoux v Secretary of State*, 465 Mich 594, 613-614; 640 NW2d 849 (2002), our Supreme Court held that census data is "official government data . . . of which judicial notice may be taken under MRE 201." As a result, this Court may take judicial notice of Rockwood's population being less than the 10,000 required to trigger MCL 125.401(2). Accordingly, the HLM is inapplicable, and the trial court should have granted defendant's motion for summary disposition with respect to plaintiff's claim premised on the HLM.

## VI. CONCLUSION

For the reasons discussed above, we reverse and remand to the trial court with instructions to enter an order of summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ Kathleen A. Feeney
/s/ Colleen A. O'Brien

---

[3]    United States Census Bureau, *Rockwood City, Michigan* <https://data.census.gov/profile/Rockwood_city,_Michigan?g=160XX00US2669180> (accessed November 8, 2024).