*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

DARRELL DAVIES and NANCY DAVIES,

       Plaintiffs-Appellants,

v

DISTRICT CENTER BOARD OF THE MICHIGAN
DISTRICT CHURCH OF THE NAZARENE, doing
business as INDIAN LAKE NAZARENE CAMP,

       Defendant-Appellee.

UNPUBLISHED
August 22, 2024

No. 365492
Kalamazoo Circuit Court
LC No. 2022-000032-NO

Before: GADOLA, C.J., and K. F. KELLY and MARIANI, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court's order granting summary disposition in favor of defendant under MCR 2.116(C)(10). Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises from a bicycle accident in which plaintiff Darrell Davies was injured when he rode his bicycle over a speed bump on defendant District Center Board of the Michigan District Church of the Nazarene's camp property. On the day of the accident, Darrell and two friends rode their bicycles from Portage, Michigan to defendant's property in Vicksburg, Michigan. The property, known as the Indian Lake Nazarene Camp, is a campground and "covenant community" that includes outdoor spaces for tents and RVs, as well as homes in which residents reside as leaseholders. Defendant's property is private property, which Darrell knew by the fact that the sign leading to the entrance of the camp stated so.

Although Darrell stated he rode his bicycle through defendant's property many times before, he never encountered speed bumps on the roadways. However, on the date in question, the group of riders observed two speed bumps on Victory Street in defendant's property. The group passed over the first speed bump without issue; however, as Darrell rode over the second speed bump, he fell off of his bicycle and was injured. According to Darrell, the second speed bump was improperly installed because it was not set at an angle perpendicular to the road.

Plaintiffs filed a three-count complaint that asserted claims of ordinary negligence, premises liability, and loss of consortium on behalf of plaintiff Nancy Davies, Darrell's wife. Defendant moved for summary disposition on the grounds that the recreational land use act ("RUA"), MCL 324.73301, barred plaintiff's claim because that statute only permitted liability where it was shown the defendant acted with gross negligence or willful and wonton misconduct. Defendant also argued that Darrell was trespassing at the time he was injured and was, therefore, not owed any duties as a licensee or invitee. Lastly, defendant argued that even if Darrell were an invitee, the open and obvious doctrine barred his claim.

After a hearing on defendant's motion, the trial court agreed with defendant's arguments and granted summary disposition in defendant's favor and dismissed the case. This appeal followed.

## II. STANDARDS OF REVIEW

The Court reviews a trial court's decision on a motion for summary disposition de novo. *Anderson v Transdev Servs, Inc*, 341 Mich App 501, 506; 991 NW2d 230 (2022). Under MCR 2.116(C)(10), summary disposition is proper when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion." *Williamson v AAA of Mich*, 343 Mich App 496, 502-503; 997 NW2d 296 (2022) (quotation marks and citations omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. at 503 (quotation marks and citation omitted).

The Court also reviews de novo issues of statutory interpretation. *Moore v Genesee Co*, 337 Mich App 723, 727; 976 NW2d 921 (2021). "If a statute is unambiguous, it must be applied as plainly written, and we may not read any unstated provisions into the statute." *Id*. at 728.

## III. ANALYSIS

### A. PREMISES LIABILITY

Plaintiffs contend that the trial court erred when it granted defendant's motion because their complaint stated claims for both premises liability and ordinary negligence. Plaintiffs maintain that their negligence claim should not have been dismissed because such a claim is viable when the defendant's conduct on the land causes an injury. We disagree.

It is well established that "[c]ourts are not bound by the labels that parties attach to their claims." *Pugno v Blue Harvest Farms, LLC*, 326 Mich App 1, 13; 930 NW2d 393 (2018) (quotation marks and citation omitted). "Instead, an action should be determined by reading the entire complaint, looking beyond procedural labels, and determining the exact nature of the claim." *Id*. The law distinguishes between claims arising out of ordinary negligence and claims arising from a condition on the land. *Id*. "When the claim is based on a condition of the premises, liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Id*. (quotation marks and citation omitted). This is in contrast with an ordinary negligence claim, under which "every person who engages in the performance of an undertaking has an obligation to use due care or to act so as to not unreasonably endanger the person or property of another." *Janke v Allen*, 308 Mich App 472, 475; 865 NW2d 49 (2014).

In *Janke*, the plaintiff was injured on the defendant's property. *Janke*, 308 Mich App at 473. The plaintiff fell after her foot slipped in a hole where the defendant had removed some concrete pavers. *Id*. This Court affirmed the trial court's decision to grant the defendant's motion for summary disposition on the basis that the plaintiff's complaint for negligence sounded in premises liability and was barred by the open and obvious doctrine:

> Here, plaintiff's injury occurred because of a condition on the land, the removed concrete pavers, rather than defendant's conduct. While defendant may have created the condition on the land, that does not transform the premises liability action into one alleging ordinary negligence. A plaintiff cannot avoid the open and obvious danger doctrine by claiming ordinary negligence, when the facts only support a premises liability claim, as they do here. Therefore, the action sounded in premises liability and not ordinary negligence, and the trial court did not err by granting defendant's motion for summary disposition because the open and obvious danger doctrine bars plaintiff's claim. Moreover, the trial court did not err by denying plaintiff the opportunity to amend her complaint, because the proposed amendment was just another futile attempt to classify this case as one of general negligence rather than one of premises liability. [*Id*. at 476.]

Plaintiffs contend that defendant's *conduct* was the cause of his injuries; the conduct at issue, however, was the manner in which defendant installed the speed bumps. In other words, as in *Janke* where the removal of the paving stones only raised a premises liability claim, defendant's conduct created the allegedly unsafe condition on the land by installing speed bumps, and the claim therefore sounds in premises liability. See *id*. This is in contrast with *Laier v Kitchen*, 266 Mich App 482, 495; 702 NW2d 199 (2005), in which the decedent and the defendant were repairing a tractor's hydraulic system when the tractor's bucket fell and fatally injured the decedent. *Laier* is distinguishable from this case, however, because in *Laier*, the defendant was actively controlling the tractor's bucket and "failed to secure the bucket in the raised position" after the decedent went underneath it. *Id*. A hypothetical but similar allegation in this case would have been if an agent of defendant actively moved the speed bump as the group was attempting to pass over it. There is no such allegation in this case, and as in *Janke*, the trial court properly determined that plaintiffs' claim sounded in premises liability.

## B. TRESPASS

Next, plaintiffs argue that the trial court erred when it concluded that Darrell was trespassing at the time of his injury. Plaintiffs assert that the "Private Property" sign at the entrance to the property had no legal effect to warn Darrell he was not permitted to trespass and that defendant's acquiescence in permitting uninvited guests on the land converted Darrell's status to that of a licensee. We disagree.

"Licensees and invitees—in addition to trespassers—are common-law categories for persons who enter upon the land of another." *Kelsey v Lint*, 322 Mich App 364, 371; 912 NW2d 862 (2017).

> A "trespasser" is a person who enters upon another's land, without the landowner's consent. In comparison, a "licensee" is a person who is privileged to enter the land of another by virtue of the possessor's consent. Consent to enter may be either express or implied. Permission may be implied where the owner acquiesces in the known, customary use of property by the public. [*Id*. (quotation marks and citations omitted; quotation cleaned up).]

-3-

Plaintiffs' first contention—that the absence of a "No Trespassing" sign had the effect of allowing Darrell on the property as a licensee—is meritless. Plaintiffs cite no authority for the proposition that a "Private Property" sign has no legal effect to warn others that trespassing is not permitted. It is not this Court's job to develop plaintiffs' arguments or search for authority to support their position. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position."). The argument is, therefore, abandoned. See *id*.

In addition, plaintiffs presented no evidence that defendant acquiesced in permitting persons to enter its property uninvited. While Becker testified that he often observed persons riding bicycles through the property, he also stated that he did not inquire whether such persons were permitted to be there, since the leaseholders were permitted to have visitors and the camp visitors were numerous. Thus, there was no evidence that defendant acquiesced in permitting trespassers on the property for the purpose of bicycle riding. "[R]ecovery for trespass to land . . . is available only upon proof of an unauthorized direct or immediate intrusion of a physical, tangible object onto land over which the plaintiff has a right of exclusive possession." *Wiggins v Burton*, 291 Mich App 532, 555; 805 NW2d 517 (2011) (quotation marks and citation omitted). "Once such an intrusion is proved, the tort has been established, and the plaintiff is presumptively entitled to at least nominal damages." *Id*. (quotation marks and citation omitted). Plaintiffs do not reasonably contest that Darrell was "[]authorized" to "intru[de]" on defendant's land, for which it had "a right of exclusive possession." See *id*. Accordingly, the trial court did not err when it concluded that Darrell was trespassing and, as a trespasser, was only owed the duty to "refrain from injuring him by willful and wanton misconduct." See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000).

## C. RECREATIONAL LAND USE ACT

Lastly, plaintiffs contend that the trial court erred when it concluded that the RUA applied to their claims. First, plaintiffs argue that the RUA is inapplicable because under *Wymer v Holmes*, 429 Mich 66; 412 NW2d 213 (1987), the Michigan Supreme Court held that the RUA was not intended to apply to urban and suburban tracts. Plaintiffs also argue that the RUA does not apply because the activity in question, bicycling, was not a recreational activity contemplated by the RUA. We disagree.

Under the RUA, MCL 324.73301(1):

Except as otherwise provided in this section, a cause of action shall not arise for injuries to a person who is on the land of another without paying to the owner, tenant, or lessee of the land a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use or trail use, with or without permission, against the owner, tenant, or lessee of the land unless the injuries were caused by the gross negligence or willful and wanton misconduct of the owner, tenant, or lessee.

"The RUA makes no distinction between large tracts of land and small tracts of land, undeveloped land and developed land, vacant land and occupied land, land suitable for outdoor recreational uses and land not suitable for outdoor recreational uses, urban or suburban land and rural land, or subdivided land and unsubdivided land." *Neal v Wilkes*, 470 Mich 661, 667; 685 NW2d 648 (2004). In other words, "[t]he

-4-

statute contains no limitation on the type of land involved, but rather applies to specified activities that occur on the land of another . . . ." *Id.* at 668 (quotation marks and citation omitted).

In addition, "the RUA does not apply to any outdoor recreational activity. Rather, it only applies to 'fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use . . . .' " *Id.* at 669, quoting MCL 324.73301(1). "Therefore, the language 'other outdoor recreational use' must be interpreted to include only those outdoor recreational uses 'of the same kind, class, character, or nature,' as 'fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, [and] snowmobiling . . . .' " *Id.* at 669-670, quoting MCL 324.73301(1).

Turing to plaintiffs' first argument—that the RUA does not apply as a result of the character of defendant's land—the Michigan Supreme Court in *Neal*, 470 Mich at 665, expressly overruled *Wymer*'s holding that the character of the land was a consideration when determining whether the RUA applied. The Court explained:

> Although the *Wymer* Court noted that its task was to ascertain the legislative intent, it failed to recognize that the language of the statute is the best source for determining legislative intent. Instead, *Wymer* found it reasonable to assume that the Michigan statute has the similar general purpose of similar acts in other jurisdictions. That purpose being to open up and make available vast areas of vacant but private lands to the use of the general public in order to promote tourism. If that were the Legislature's purpose, it could have used the words "vacant or undeveloped land of another," rather than the words "the lands of another." [*Neal*, 470 Mich at 665-666 (quotation marks, citations, and footnotes omitted; quotation cleaned up).]

Accordingly, the trial court did not err when it concluded that the RUA applied to plaintiffs' claims despite the fact that defendant's property included leasehold residences with paved streets. As the Court in *Neal* emphasized, the RUA "contains no limitation on the type of land involved . . . ." *Id.* at 668.

Plaintiffs also argue that bicycling is not a "recreational use" contemplated by the RUA and, therefore, the statute does not apply to Darrell's injuries. Plaintiffs are correct that bicycling is not explicitly listed as an activity that is governed by the RUA. As the Supreme Court explained in *Neal*, the RUA "only applies to 'fishing, hunting, trapping, camping, hiking, sightseeing, motorcycling, snowmobiling, or any other outdoor recreational use . . . .' " *Id.* at 669, quoting MCL 324.73301(1). Thus, "[u]nder the statutory construction doctrine known as *ejusdem generis*, where a general term follows a series of specific terms, the general term is interpreted to include only things of the same kind, class, character, or nature as those specifically enumerated." *Neal*, 470 Mich at 669 (quotation marks and citation omitted); see also *Benedict v Dep't of Treasury*, 236 Mich App 559, 564; 601 NW2d 151 (1999) (explaining that *ejusdem generis* is "a rule whereby in a statute in which general words follow a designation of particular subjects, the meaning of the general words will ordinarily be presumed to be and construed as restricted by the particular designation and as including only those things of the same kind, class, character or nature as those specifically enumerated.") (quotation marks and citation omitted).

The question is, therefore, whether bicycling is properly characterized as "any other outdoor recreational use" as contemplated by the RUA. The statute lists motorcycling as a covered recreational activity, and it is quite plain that bicycling is identical in character to motorcycling except for the presence

of a powered motor.[1]  In both activities, the person rides atop a metal frame for the purpose of transportation, the only difference being the method of powering the wheels.  Thus, the general term "any other recreational use" includes bicycling because it is of the same "kind, class, character, or nature" as motorcycling.  See *Neal*, 470 Mich at 669 (quotation marks and citation omitted); see also *Kalajian v Panoff*, unpublished per curiam opinion of the Court of Appeals, issued January 12, 2023 (Docket No. 360082), p 3 (explaining that riding a bicycle was a recreational activity for purposes of applying the reckless-misconduct standard as opposed to the ordinary negligence standard).[2]

Because the RUA applies to plaintiffs' claims, and because there was no evidence that defendant acted with "gross negligence or willful and wanton misconduct," MCL 324.73301(1), the trial court did not err when it granted defendant's motion for summary disposition.[3]

Affirmed.  Defendant, as the prevailing party, may tax costs.  MCR 7.219(A).

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly

---

[1] Darrell admits, however, that his bicycle was powered by an electric motor (it was an "E-bike").  This raises the interesting question, not necessary to our decision here, whether for purposes of the RUA plaintiff's mode of transportation was more akin to a motorcycle than a traditional bicycle.

[2] Unpublished decisions from this Court are not binding but may be considered for their persuasive value. *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017), lv den 503 Mich 911 (2018).

[3] Because there is no serious contention that Darrell was an invitee at the time he was injured, and because the Michigan Supreme Court has since overruled *Lugo v Ameritech, Corp*, 464 Mich 512, 516; 629 NW2d 384 (2001), when it decided *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; 1 NW3d 44 (2023), we need not address plaintiffs' arguments concerning the open and obvious doctrine.